SHANNON, Judge.
Appellants, defendants below in an action for personal injuries, bring this appeal from a judgment of $3,000 for plaintiff Romalda M. Spinelli, based upon a jury verdict.
The complaint alleged that while the plaintiffs were shopping in the defendants’ store, a half gallon can of floor wax fell from a lower shelf and struck the plaintiff Romalda M. Spinelli on her right leg and foot. The accident occurred when the plaintiff reached up to get another type of wax from the top shelf. The complaint further alleged that the defendants were *42 guilty of carelessness and negligence in stacking the half gallon cans or causing them to be stacked in such a manner as the defendants knew, or but for their carelessness and negligence should have known, that these cans would fall and injure a person shopping in the vicinity of the stacked cans. Plaintiffs also charged that the defendants were guilty of carelessness and negligence in that they stacked this wax' or caused it to be stacked on a narrow shelf which was not sufficiently wide to contain it, in view of the fact that the diameter of the can was greater than the depth of the shelf, thus creating an unreasonable risk of the cans falling. Further, the defendants are alleged to have been careless and negligent in failing to warn the plaintiffs of the danger which the defendants knew, or should have known, existed from this stacking.
The defendants moved for a directed verdict at the conclusion of the plaintiffs’ testimony and again at the conclusion of all the testimony. The trial court reserved its ruling on the motion and allowed the case to go to the jury. The jury returned a $3,000 verdict for the plaintiff, Romalda Spinelli. The defendants thereafter filed their motion to amend the judgment, grant the defendants’ motion for directed verdict, and a new trial. All of these motions were denied.
The issue upon which our opinion must rest is evidentiary; namely, was there testimony or evidence showing that the defendants had improperly stacked the cans, or that the defendants had actual or implied knowledge that the cans were improperly stacked, or was there any evidence as to why the can fell. In other words, can the proximate cause ’ of the plaintiff’s injury be attributed to the negligence of the defendants ?
The plaintiffs called four witnesses, the first Mrs. Romalda Spinelli, testified in part as follows:
‘■‘Q. Now will you tell the Court and Jury what happened when you got to the wax department? A. Well, I was looking for a quart of Free Wax and went and reached up to get my Free Wax and the can fell on my foot.
“Q. What can? A. The can that was piled up.
“Q. Was it the can that you took from the shelf that fell? A. No. I had that in my hand and when I got through I put it in the basket.
“Q. Now, then as you reached for this wax did you bump into anything? A. No, I didn’t. I just reached up to get the wax and before I knew it this can fell on my foot.”
On cross-examination she testified in part as follows:
“Q. Did you see the can fall? A. Not the actual can falling. I know I was reaching up and then it must have been at least from the waist down when it fell because the can fell and I didn’t have a chance to know anything or do anything.
“Q. You didn’t even know it was falling until it struck your foot? A. That’s right.
******
“Q. Did you see the can that fell while it was on the shelf ? A. I might have noticed it, but I didn’t pay much attention to it. I was after my Free Wax.”
The plaintiff August V. Spinelli testified in part as follows:
“Q. Will you tell the jury what you saw and what happened there? A. Well, when we were doing our shopping I am usually following her with the cart and at the time of the accident I was behind her following, following behind her and to her right probably around six feet or around in that area, and wasn’t paying too much attention to just what happened, but I knew she was reaching up for some wax and all *43 of a sudden, I don’t know if it was the sound of the can or her that caught my attention to her, when she bent down to rub her foot. I said what’s the matter and she told me the darn can fell on her foot, so I says, ‘Oh, my God.’ I picked it up and I said, ‘You will be all right. You will be all right/ and I then picked this can up and I noticed it was a wax can and I looked at the area where the cans were piled and the first thing I said — .”
The third witness was a former employee of the defendants, who at the time of the accident was a stock boy. This witness testified that he heard the noise of .the falling cans and went to see what happened. Although he did not see the accident, he was able to describe how the cans were stacked normally. According to his testimony they were on the second shelf, the height of which was only sufficient to allow one can; thus there was no room to place a second can on top.
Finally the store manager was called as an adverse witness. In response to questions concerning stacking one half gallon wax on top of another, he testified:
“Q. It that the way you stack the cans in Food Fair Stores? A. Positively not.
“Q. You do not stack one of these cans on top of the other? A. We do not.”
No one testified that they saw the can fall; nor was there any testimony concerning the reason for the can falling. We must keep in mind that the burden is upon the plaintiffs to prove that there was a dangerous condition created by the defendants, or that the defendants had actual knowledge of such a condition, or that such a condition had been in existence long enough so that the defendants should have known of it. Here, the plaintiffs did not carry their burden. The fact that the accident happened is unquestioned, but that alone is not enough. It must be shown that the cause of the accident was the negligence of the defendants.
Our Supreme Court, speaking through Justice Thornal, in the case of Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, 6, set forth the rule as:
“We think that this position erroneously places the burden of proof on the grocery, store whereas under the prior decisions of this court the burden of proving negligence rests with the complainant. The established rule in this state is that if the dangerous condition of the floor is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for sufficient length of time that the owner should have known of it, then under these circumstances the owner may be held liable for ensuing injuries. Carls Markets, Inc. v. Meyer, Fla.1953, 69 So.2d 789. * *
While the facts are different, the principle of law cited above was followed by this court in the case of Castillo v. Baker’s Shoe Stores, Inc., Fla.App.1959, 115 So.2d 427.
We therefore conclude that the trial court should have directed a verdict for the defendants in this case.
Reversed.
ALLEN, C. J., and SMITH, FRANK, Associate Judge, concur.