123 So.2d 472 (1960)
WOMETCO THEATRES CORPORATION, a Florida corporation, d/b/a Miracle Theatre, Appellant,
v.
Julius RATH, as Administrator of the Estate of Juliana Rath, and Julius Rath, individually, Appellee.
No. 59-454.
District Court of Appeal of Florida. Third District.
October 10, 1960.
Rehearing Denied October 26, 1960.
Wicker & Smith and Stephen C. McAliley, Miami, for appellant.
Harry L. Bassett, Miami Beach, for appellee.
HORTON, Chief Judge.
The defendant has appealed from an adverse judgment entered pursuant to a jury verdict in a negligence action. The complaint alleged damages for personal injuries, sustained by Juliana Rath while in defendant's theatre, occasioned by the actions of a suspected child molester, who struck her while attempting to flee from the theatre.
The record reveals that an usher employed by the defendant had become suspicious that a patron of the theatre was a *473 child molester, which suspicion was relayed to the defendant's house manager. The house manager then seated himself behind this patron whose actions appeared to confirm the usher's suspicions. The house manager in the presence of the head usher asked the patron to step into the lobby to answer some questions, whereupon the patron lunged forward, the house manager grabbed him by the arm and a struggle ensued. The patron was subdued and was being accompanied up the aisle toward the lobby when he suddenly broke away, brushing past the plaintiff and knocking her against a seat and onto the floor. The house manager testified that he had on previous occasions investigated the alleged activities of suspected child molesters, but had never before, in fourteen years' experience, been met with violence. He further testified that he had not anticipated and had no idea that the suspected molester would attempt to flee.
On appeal, the determinative question raised by the appellant is whether or not a theatre is liable to its patrons for the negligent action of another patron.
It is a general rule that the operator or owner of an entertainment attraction such as a motion picture theatre is not an insurer of the safety of his patrons. See Central Theatres v. Wilkinson, 154 Fla. 589, 18 So.2d 755; Rainbow Enterprises v. Thompson, Fla. 1955, 81 So.2d 208, 55 A.L.R.2d 861. However, it has been held that an operator or owner of such an establishment owes to his patrons the duty to exercise due care to protect them from assault by other patrons and the operator or owner may be charged with liability for injuries resulting from the acts or conduct of other patrons which could have reasonably been anticipated or guarded against. Central Theatres v. Wilkinson, supra; Annotation 29 A.L.R.2d 911.
From the evidence produced, it is clear that the defendant's employees did not know, nor could they have reasonably anticipated, that the suspected child molester was a violent person or that he would react in the manner described. There is nothing in the record to indicate that the defendant's employees should have known or anticipated this violent reaction; the evidence is clearly to the contrary. We therefore conclude, based upon the evidence presented, that the defendant's employees were not negligent. Mere knowledge that a person may be a child molester is not knowledge that he would become violent, nor is it sufficient knowledge from which the defendant's employees could have reasonably anticipated violence which would or might result in injury to another patron. Compare Knight v. Powers Dry Goods Co., Inc., 225 Minn. 280, 30 N.W.2d 536.
Accordingly, the judgment appealed is reversed.
PEARSON and CARROLL, CHAS., JJ., concur.