140 So.2d 59 (1962)
Glenda Sue ELMORE, by Her Father and Next Friend, Ord Elmore, and Ord Elmore, Individually, Appellants,
v.
Peter J. SONES, Peter J. Sones, Jr., Ester F. Floyd and Tampa Bay Theatres, Inc., a Corporation, Appellees.
No. 2623.
District Court of Appeal of Florida. Second District.
April 13, 1962.
*60 James M. McEwen, of Rood, Dixon & McEwen, Tampa, for appellants.
Thomas C. MacDonald, Jr., Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellees.
WHITE, Judge.
Glenda Sue Elmore, seven year old daughter of Ord Elmore, and Ord Elmore individually, were plaintiffs in a tort action for damages against Peter J. Sones and others. The plaintiffs seek reversal of the trial court's order dismissing their third amended complaint. The order of dismissal with prejudice was entered when plaintiffs' attorney announced that the plaintiffs could not amend further. The question on appeal is whether or not the plaintiffs sufficiently pleaded a cause of action based on negligence of the defendants.
The complaint alleged in substance that the minor plaintiff sustained detrimental and expensive injury to her leg as a result of a fall from certain playground equipment called "monkey bars" located on the premises of the defendants' drive-in theatre, that the plaintiffs were business invitees, that the minor plaintiff accepted the defendants' implied invitation and did use the defendants' playground and that while so engaged she was pushed from the "monkey bars" by an unidentified boy, that there were thirty to forty children on the unsupervised playground at the time of said incident. Plaintiffs averred that the defendants should have provided supervision for the playground, knowing that the equipment thereon would *61 attract children who had not arrived at the age of discretion. The complaint also alleged that pushing and shoving by children using the equipment had occurred on previous occasions. The plaintiffs charged negligence of the defendants as a contributing proximate cause, that the defendants should reasonably have foreseen that the incident complained of probably would occur inasmuch as children have a "known proclivity to act impulsively without thought of the possibility of danger. * * *"
In most cases closely parallel to the instant case the plaintiffs' charges of negligence and liability have not been sustained. See 16 A.L.R.2d 912, 920, and cases cited. A recent decision of this court has been discussed in arguments of counsel as tending to favor their respective positions. In that case the defendant proprietor of an amusement establishment allegedly had knowledge of the dangerous propensity of a particular patron, and this court held that the specific allegation to that effect in an otherwise good complaint was sufficient to state a cause of action against the proprietor who had moved for summary judgment. Nance v. Ball, Fla.App. 1961, 134 So.2d 35. On the other hand a proprietor is not responsible for injuries to a patron caused by the misconduct of another which the proprietor could not reasonably have foreseen and forestalled. This is the logical corollary to the rule in Nance v. Ball, supra, stated affirmatively in 2 Fla.Jur., Amusements, § 43 that the proprietor of a place of amusement owes the duty to exercise reasonable care to protect patrons from injuries resulting from the conduct of other patrons which reasonably could be anticipated and prevented. It is settled, of course, that persons operating public places of amusement are not insurers. Central Theatres, Inc. v. Wilkinson, 1944, 154 Fla. 589, 18 So.2d 755.
The applicable rule defining the duty to exercise reasonable care in such cases has been stated in Florida as follows:
"Where one undertakes to render a service by furnishing accommodations of a public nature, the law imposes a duty to use proper care, precaution, and diligence in providing and maintaining the accommodations in a reasonably safe condition for the purposes to which they are adapted, and are apparently designed to be used."
See Central Theatres v. Wilkinson, supra; Turlington v. Tampa Electric Co., 1911, 62 Fla. 398, 56 So. 696, 698, 38 L.R.A.,N.S., 72, Ann.Cas. 1913D, 1213.
In the case just quoted a divided Supreme Court held that the theatre company was liable for injuries sustained by a patron struck in the eye from an air rifle shot during the showing of a motion picture. The defendant's employees observed the boys carrying the weapons into the theatre. They knew that the boys had fired the weapons at poles and objects in the patio outside. The majority opinion says:
"* * * If we ignore the proof that those connected with the theater and responsible for its proper operation and management had knowledge of the presence and actions of the `cop' and `robbers' then the argument that there was no duty to patrol the adjoining street, no reason to anticipate such a strange event, no occasion to expect harm to a patron by the defective door might have weight. If this had been an isolated incident when some boys happened in the course of their game to fire from a public way into a theater the very moment a door chanced to open, the shot glancing from a wall to strike and blind a patron, it might be said that the operator of the amusement place could not have foreseen the danger. * * *"
In Hillman v. Greater Miami Hebrew Academy, Fla. 1954, 72 So.2d 668, a mother brought action on behalf of her minor son against the defendant, a private school, for injuries sustained by the boy from a fall from a "monkey bar" on the school premises. The complaint alleged that the school was negligent in failing to provide competent supervision to prevent children of tender *62 years from falling. In affirming the trial court's ruling that the complaint failed to state a cause of action, the Florida Supreme Court noted that the complaint did not allege that the bar was defectively constructed or that it was improper equipment constituting a danger that one of tender years would not readily comprehend. The opinion stated that "no amount of superintendence would have prevented the accident."
No doubt some types of amusement establishments should provide supervision not only to protect patrons and invitees but also to shield the proprietors from costly litigation and possible liability; but usually, even where the duty to supervise may be found to exist, the supervision need be general only as distinguished from special or immediate. It would not be necessary to furnish every patron with an usher or an attendant. See 16 A.L.R.2d 915. In the case before us it is not fairly inferable from the complaint that general supervision would have prevented the injury caused by the impetuous or wayward boy who did the pushing.
In Hawkins v. Maine & New Hampshire Theaters Co., 1933, 132 Me. 1, 164 A. 628, the defendant had given balloons to children attending a matinee. The minor plaintiff was injured when another child fired a slingshot at one of the balloons, striking the plaintiff in the eye. In reversing judgment for the plaintiff, the court said:
"* * * The management of this theatre might well have been charged with notice that the filling of the balcony with children and the giving out of balloons would result in boisterous and unruly conduct. It was, accordingly, its duty to take reasonable precautions to restrain what all will concede are the ordinary inclinations of children under such circumstances, It was under no obligation to provide an attendant for every child, or to anticipate the isolated, willful, and sudden act of one boy, the natural tendency of which was to inflict serious harm upon another. There is no evidence that such an incident ever had happened before or that the defendant had any warning whatsoever that it was likely to take place. It was not a danger which it was bound to have foreseen or to have guarded against."
The Hillman case, supra, cited Miller v. Board of Education Union Free School Dist. No. 1, Town of Oyster Bay, 1936, 249 App. Div. 738, 291 N.Y.S. 633. It is also convincing here. In the latter case the court reversed a judgment for a child who fell from a "monkey bar," stating:
"* * * Defendant breached no duty owing to the infant plaintiff that had any causal relation to the accident. General superintendence would not reasonably have been of any avail to avoid the accident. The requirement of specific supervision of the piece of apparatus involved would be unreasonable. * * * No part of the apparatus was in a state of disrepair and the risk of falling from it was one which was assumed by those who made use of it, which possibility was known to the mother in the case at bar. It is common knowledge that children younger than this infant make safe use of this type of apparatus and similar apparatus in school yards and playgrounds."
It is again noted that the plaintiffs alleged that the defendants should have foreseen the danger to the minor plaintiff because of previous incidents of horseplay. Specific previous incidents, however, were not alleged to have been known to the defendants; nor did the complaint allege any incident of horseplay by any particular individual which would charge the defendants with knowledge of danger from that source. Compare Nance v. Ball, supra. Although the minor plaintiff was pushed by another invitee, there was still lacking a basis for reasonable inference that if general supervision had been provided the injury would not have occurred. To hold that the complaint stated a justiciable case would require us to overextend the theory of vicarious *63 liability and, in effect, make the defendants insurers.
The plaintiffs having failed to allege facts sufficient to charge the defendants with reasonable foreseeability of the tortious act which resulted in the unfortunate injury to the minor plaintiff, it follows that the order to dismiss the complaint was properly entered.
Affirmed.
ALLEN, Acting C.J., and SMITH, FRANK, Associate Judge, concur.