192 So.2d 81 (1966)
Lula Mae SPARKS, As Administratrix of the Estate of Clifford Sparks, Deceased, and Lula Mae Sparks, As the Widow of Clifford Sparks, Deceased, Appellant,
v.
Samuel OBER and Mary E. Ober, a/k/a M.E. Ober, Appellees.
No. 65-1012.
District Court of Appeal of Florida. Third District.
November 22, 1966.
*82 Kelner & Lewis and Alan H. Dombrowsky, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
CARROLL, Judge.
This is an action for damages charging the appellees with negligence resulting in the death of one Clifford Sparks, brought by his widow Lula Mae Sparks under the wrongful death act (§§ 768.01 and 768.02 Fla. Stat., F.S.A.), and by her as administratrix under the survival act (§ 45.11 Fla. Stat., F.S.A.). The trial court dismissed the amended complaint with prejudice on defendants' motion and plaintiff appealed.
The amended complaint alleged that the appellees, defendants below, owned and operated a tavern and bar which at the time involved was in charge of their employed bartender assisted by a barmaid; that Clifford Sparks was there as a customer, at approximately 5:30 o'clock P.M. on a stated day; that two of the other customers, George Cox and Thomas Walker, became embroiled in an argument in the course of which Walker exhibited a knife; that thereupon Cox departed, announcing "that he was going to go to his home and get his shotgun and immediately return to shoot Thomas Walker," and that such statement by Cox was made within the hearing of the bartender and the barmaid but not within the hearing of the customer Clifford Sparks; that approximately ten minutes later Cox returned and entered with a shotgun, which he discharged in the direction of Walker, the charge therefrom striking and fatally wounding Sparks. The negligence alleged in the amended complaint was failure of the bartender to warn the patrons, including Sparks, of the impending danger or to take other preventive or protective action in the matter. Specifically, plaintiff alleged defendants' employees were negligent by failing to (1) call the police, (2) warn patrons, including Sparks, of the impending affray, (3) bar re-entry by Cox when he returned with a shotgun, as he had announced he would, (4) eject Walker from the premises when he exhibited a weapon (knife) in the initial altercation with Cox, (5) conduct the patrons to a place of safety, having "elected to allow the premises to become a battleground," (6) prohibit patrons from using the premises while armed with deadly weapons, and (7) "comply with Florida Statutes and applicable ordinances prohibiting dueling, public affrays, and use of deadly weapons."
Clifford Sparks was a business invitee, to whom the owners through their employees who were in charge of the premise owed a duty commensurate with his status. The duty to a business invitee was defined by the Supreme Court in McNulty v. Hurley, Fla. 1957, 97 So.2d 185, 187, as follows:
"The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen. First Federal Sav. & Loan Ass'n v. Wylie, Fla. 1950, 46 So.2d 396 and Messner v. Webb's City, Inc., Fla. 1952, 62 So.2d 66."
A tavern and bar may be likened to a place of amusement to which the public is invited. As to such places, the owner or proprietor is not an insurer of the safety of his patrons, but must exercise due care to maintain the premises in a reasonably safe condition for the customary and reasonable uses to which they may be put by the patrons, to use ordinary and reasonable care for the safety of his patrons and to guard against subjecting them to dangers of which he is cognizant or which he might reasonably foresee. Miracle v. Kriens, 160 Fla. 48, 33 So.2d 644; Brightwell v. Beem, Fla. 1956, 90 So.2d 320; *83 Gordon v. Hotel Seville, Inc., Fla.App. 1958, 105 So.2d 175; Walker v. Feltman, Fla.App. 1959, 111 So.2d 76; Nance v. Ball, Fla.App. 1961, 134 So.2d 35; 2 Fla.Jur., Amusements §§ 40, 43.
Thus in Miracle v. Kriens, supra, the Supreme Court said (33 So.2d at p. 647):
"Although the proprietor of a liquor saloon or other place where intoxicants are sold is not an insurer of the safety of his patrons, as against outsiders, other patrons, or even his own servants, he certainly is bound to use every reasonable effort to maintain order and discipline among his patrons, his servants, or those who, while not necessarily in search of drink or pleasure, come upon the premises and are likely to produce discords or disorders to the injury or inconvenience of patrons lawfully in his place of business."
The arguments advanced by the appellees in contending the amended complaint failed to state a cause of action have been considered and found to be without merit. What occurred could not be said to have been unforeseeable as a matter of law. If, on the facts alleged, there existed a question as to foreseeability that the patron Cox would return and resume the affray with a shotgun, after allegedly leaving the premises in the course of an altercation with another patron and announcing such intention, that question would be one to be resolved by the trier of the facts. The same applies to a question, if one existed, as to foreseeability that if Cox returned with a shotgun and fired it in the place, someone there could be shot. Moreover, the impending danger which it was alleged gave rise to a need for the operator of the premises to take preventive or protective action for the safety of the patrons, was not one depending on foreseeability here because the bartender was cognizant of the danger which the Cox announcement foretold. The fact that the danger of which the bartender was cognizant was an intended criminal act by Cox would not, as contended by appellees, serve to relieve them from liability notwithstanding a breach of duty by the bartender as alleged. The facts set out in the complaint did not, as argued by the appellees, establish the absence of probable cause.
In our opinion the complaint sufficiently alleged facts showing that the patron Sparks was owed a duty of care by the defendants within the rule as quoted above from the case of McNulty v. Hurley, supra, and breach of such duty proximately resulting in the death of Sparks. Whereupon, the order dismissing the complaint is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.