211 So.2d 37 (1968)
Marie Elena REYNOLDS and Gene H. Reynolds, Her Husband, Appellants,
v.
DEEP SOUTH SPORTS, INC., L & G Promotions, Inc., and C.P. Luttrall, Appellees.
No. 67-441.
District Court of Appeal of Florida. Second District.
May 31, 1968.
Raymond E. LaPorte of Ragano & LaPorte, Tampa, for appellants.
*38 Lemuel S. Hunnicutt, St. Petersburg, for appellees.
ALLEN, Acting Chief Judge.
Appellants, plaintiffs below, have appealed from an order of the lower court dismissing their complaint. The complaint was dismissed for failure of appellants to file an amended complaint on or before the day set by the lower court, to-wit: September 12, 1967.
The appellants filed a complaint alleging the negligence of the appellees for injuries received at a wrestling match. The appellees were the promoters of the match and the appellants were members of the audience.
Appellant wife was struck in the face with a whiskey bottle allegedly thrown by another member of the audience. Appellant contends that the negligent supervision by appellees caused her injuries.
The lower court entered an order dismissing the appellants' complaint and giving them 20 days from August 23, 1967, to file an amended complaint. The appellants failed to file the amended complaint within the allowed time and this final order was entered dismissing the complaint.
The appellants state two points on appeal.
1. Whether or not the complaint stated a cause of action.
2. Whether the court properly dismissed the complaint for failure to file an amended complaint.
We hold as to point 1 that the complaint failed to state a cause of action and as to point 2 that the court properly dismissed the complaint for failure to file an amended complaint.
The appellant-plaintiffs filed two counts in their complaint against the appellee-defendants, each of which basically alleged:
"That as a result of the negligence of the Defendants in their failure to properly supervise the members of the audience attending the exhibition, the Plaintiff, MARIE ELENA REYNOLDS, was struck in the head with a whiskey bottle thrown by a member of the audience then attending the exhibition.
"That as a proximate result of the said negligence of the Defendants as hereinabove alleged, and as a proximate result of the negligence of the Defendants in failing to provide a safe hall in which to view their exhibition, the Plaintiff, MARIE ELENA REYNOLDS, was severely and permanently injured about the head and mouth; * * *"
The complaint did not specify any negligent acts of the defendants. The promoters of a wrestling match are not insurers of the safety of their guests. Their duty is to exercise reasonable care for their guests' safety and protection  such care as would be exercised by an ordinarily careful and prudent person in the same position and circumstance. This is the view taken by the Virginia Supreme Court in Whitfield v. Cox, 189 Va. 219, 52 S.E.2d 72 (1949).
In Whitfield v. Cox, supra, Mrs. Cox brought suit against Whitfield for injuries incurred when Mrs. Cox went to a wrestling bout staged and promoted by Whitfield. The jury returned a verdict in favor of Mrs. Cox, but it was reversed in favor of Whitfield by the Supreme Court.
Mrs. Cox, the plaintiff, based her right of recovery on the alleged negligence of the defendant, Whitfield, in failing to protect her from injury while she was a paying invitee at the wrestling matches. Mrs. Cox was injured when she was struck in the face by an empty pint whiskey bottle thrown by some unidentified person. The defendant employed nine people plus thirteen police officers to control the crowd.
In reversing the case, the Supreme Court of Virginia stated:
"The owner or proprietor of a place of amusement, or entertainment, is not an insurer of the safety of his invitees. His *39 duty is to exercise reasonable care for their safety and protection  such care as would be exercised by an ordinarily careful and prudent person in the same position and circumstances. * * *
"* * *
"It was not required of the defendant that he search his patrons for objects that might be used to injure plaintiff or other patrons, and the court so instructed the jury. Short of doing that, or having enough employees to watch each patron and prevent one from injuring another, it would seem that the measures taken by the defendant to protect his patrons were all that could reasonably be required.
"* * *
"If it be supposed that the evidence is sufficient to warrant an inference by the jury that the defendant was negligent in failing to have a sufficient number of employees, or in failing to keep proper order during the wrestling matches, it is yet necessary, in order to hold the defendant liable, that such negligence be the proximate cause of the plaintiff's injuries. There must be direct causal connection between the alleged negligence and the injury. * * *
"* * *
"It is generally recognized, and the plaintiff knew from her prior attendance, that these wrestling matches are not quiet and dignified affairs. She and others who attended them knew the usual behavior of the spectators; that their manner was not always gentle, nor their speech always refined."
In Stevenson v. Kansas City, 1961, 187 Kan. 705, 360 P.2d 1, in another wrestling exhibition negligence case, the Kansas Supreme Court, in its opinion, said:
"By its own contents and allegations, plaintiff's petition charges defendants with a degree of negligence that would tend to make them her insurers from the time she entered the Memorial Building until she departed therefrom, but no such duty is placed on the defendants when this case is tested by the foregoing authorities in our jurisdiction. To apply such a high degree of vigilance would make a public amusement impossible because of the expense of guards, time for searching customers to discover possible weapons, etc.
"To foresee that plaintiff while attending the wrestling matches would be assaulted at the hour of 11:00 p.m. at the particular spot on the particular ramp on the way to the particular rest room in the Memorial Building in Kansas City would indeed require imaginative foresight and such is not the type of foreseeability required under our law. Only the standard of the reasonable and prudent man, as set out above, is required."
We conclude that the complaint in the instant case failed to state a cause of action and the lower court properly dismissed the case for failure of appellants to file an amended complaint in this cause.
Affirmed.
HOBSON and MANN, JJ., concur.