221 So.2d 777 (1969)
Betty M. WARNER, Appellant,
v.
FLORIDA JAI ALAI, INC., a Florida Corporation, Appellee.
No. 1828.
District Court of Appeal of Florida. Fourth District.
April 1, 1969.
Rehearing Denied May 13, 1969.
*778 J. Russell Hornsby, of Law Office of J. Russell Hornsby, Orlando, for appellant.
Hubert I. Sears, Jr., and Donald L. Gattis, Jr., of Maguire, Voorhis & Wells, Orlando, for appellee.
REED, Judge.
After the trial court dismissed the plaintiff's third amended complaint on the ground that it did not state a cause of action, a final judgment was entered and the plaintiff appeals therefrom. The only issue here is whether or not the third amended complaint states a cause of action.
The facts are taken from the third amended complaint. On January 10, 1966, the plaintiff, Betty M. Warner, as a paying patron, attended a jai alai match at a fronton operated by the defendant in Seminole County, Florida. The plaintiff had just cashed a winning ticket when one of the other patrons who was in a drunken condition pushed and assaulted the plaintiff causing her to fall to the floor. The event occurred near the cashier's window provided by the defendant for the bettors. The defendant knew or reasonably should have known that drunken patrons entered and used the area in which the incident occurred and subjected others to a danger of "shoving, pushing and unprovoked assaults."
The third amended complaint charged that the defendant was negligent in failing (1) to police, control, and supervise the area; (2) in permitting the drunken patron to be in the area and push the plaintiff; and (3) after the event occurred, in failing to obtain for a period in excess of thirty minutes any medical or first aid for the plaintiff. The complaint concludes with an allegation that as a proximate result of the defendant's negligence, the plaintiff was seriously injured.
The operator of a place of public entertainment owes his invitees the duty to use due care to maintain his premises in a reasonably safe condition commensurate with the activities conducted thereon. Central Theatres, Inc. v. Wilkinson, 1944, 154 Fla. 589, 18 So.2d 755; Wells v. Palm Beach Kennel Club, 1948, 160 Fla. 502, 35 So.2d 720. This includes a duty to exercise reasonable care to supervise the patrons for the purpose of preventing injuries the risk of which was known to the operator or by the exercise of reasonable care should have been known to him. Central Theatres, Inc. v. Wilkinson, supra, and Sparks v. Ober, Fla.App. 1968, 192 So.2d 81. The duty to supervise does not, however, require the operator to furnish each patron with an usher or to guard against the risk created by a specific patron, unless the operator has actual or constructive knowledge of the need for specific supervision and a reasonable opportunity to exercise it. Elmore v. Sones, Fla.App. 1962, 140 So.2d 59; Wometco Theatres Corporation v. Rath, Fla.App. 1960, 123 So.2d 472. Otherwise, the operator would be in the position of an insuror of the safety of his patrons.
In the present case there are no allegations that the defendant knew or reasonably should have known of the presence of the offending drunk or of any risk created by him or that the defendant had a reasonable opportunity to control him. Where the defendant was thus without knowledge  actual or constructive  of the risk posed by the intoxicated individual, the defendant cannot be charged with negligence in failing to supervise or otherwise control him. The significance of actual or constructive knowledge of the specific risk  as distinguished from knowledge of a general or potential risk  which eventuates in harm is shown by a review of the Florida cases dealing with a proprietor's duty to *779 protect his patrons from acts of other patrons. In those cases where liability was imposed or recognized, actual or constructive knowledge of the particular risk was present. Central Theatres, Inc. v. Wilkinson, supra; Nance v. Ball, Fla.App. 1961, 134 So.2d 35; Sparks v. Ober, supra. Conversely, in those cases where liability was not imposed, knowledge of the particular risk was not present. Wometco Theatres Corporation v. Rath, supra; Elmore v. Sones, supra; Reynolds v. Deep South Sports, Inc., Fla.App. 1968, 211 So.2d 37. We conclude that the complaint does not state a cause of action based upon the failure of the defendant to protect the plaintiff against the particular individual who caused her harm.
Under the facts stated in the third amended complaint, the defendant may well have breached his duty to provide general supervision over the patrons in attendance. The complaint, however, does not show by allegations of ultimate fact or fair inferences therefrom that a breach of the duty to generally supervise the patrons proximately caused the damages complained of. It cannot reasonably be inferred from the averments of fact in the complaint that if the defendant had generally supervised its patrons, it could have prevented the plaintiff's injuries. For this reason the complaint does not show that the defendant's alleged negligence in failing to exercise general supervision was the proximate cause of the plaintiff's damages. Such a showing by more than a conclusory allegation is essential to the statement of a cause of action based on negligence. Woodbury v. Tampa Waterworks Co., 1909, 57 Fla. 243, 49 So. 556, 21 L.R.A.,N.S., 1034; Tampa & J. Ry. Co. v. Crawford, 1914, 67 Fla. 77, 64 So. 437; Romans v. Warm Mineral Springs, Inc., Fla.App. 1963, 155 So.2d 183.
Finally, we come to the allegations that the defendant was negligent in leaving the plaintiff unattended and without medical or first aid for a period in excess of thirty minutes after the assault. We do not decide whether these allegations established a breach of legal duty on the defendant's part because they are likewise unconnected with the plaintiff's damages by any allegation showing a relationship of proximate cause.
For the foregoing reasons, it is our opinion that the third amended complaint failed to state a cause of action and was properly dismissed on that ground. The judgment appealed from is affirmed.
Affirmed.
CROSS and McCAIN, JJ., concur.