235 So.2d 294 (1970)
Betty M. WARNER, Petitioner,
v.
FLORIDA JAI ALAI, INC., Respondent.
No. 38722.
Supreme Court of Florida.
May 6, 1970.
Rehearing Denied June 1, 1970.
J. Russell Hornsby, Orlando, for petitioner.
Donald L. Gattis, Jr., of Maguire, Voorhis & Wells, Orlando, for respondent.

ON REHEARING
PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 221 So.2d 777. We took jurisdiction on the basis of apparent conflict with a number of decisions cited. After argument and upon further consideration of the briefs, record and the decision cited therein, we find that there is no conflict.
Accordingly, the petition for writ of certiorari is discharged.
It is so ordered.
ROBERTS, THORNAL, CARLTON and BOYD, JJ., concur.
ADKINS, J., dissents with opinion.
ERVIN, C.J., and DREW, J., dissent and concur with ADKINS, J.
ADKINS, Justice (dissenting).
Petitioner seeks review of a decision by the District Court of Appeal, Fourth District, Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (1969), which affirmed the judgment of the Circuit Court of Seminole County, dismissing petitioner's third amended complaint for failure to state a cause of action: R.C.P. 1.110(b), 30 F.S.A. We assumed jurisdiction and issued writ of certiorari under Appellate Rule 4.5(c), 32 F.S.A. to resolve conflict with pronouncements of the District Court of Appeal, Second District, in Ahrens v. Hayworth, 189 So.2d 163 (Fla.App.2d 1966), and Martin v. Highway Equipment Supply Co., 172 So.2d 246 (Fla.App.2d 1965).
The question is whether the District Court erred in concluding petitioner's allegations failed to show a cause of action.
Petitioner alleges, in summary, that she was a paid patron at a jai alai fronton, *295 which has its cashier's window and its bar not far apart; she cashed a winning ticket, and turned from the better's window to put her money in her purse; a patron in drunken condition pushed and assaulted her, causing her to fall, where she lay unattended for some time; she was a business invitee; the window where she went was the only area for cashing winning bets, the area has no control devices or supervisors, the defendant knew or should have known that drinking patrons would travel back and forth between bar and spectator's chairs, defendant knew or should have known it was necessary to police or supervise the activities of patrons relating to the bar, defendant failed to police or supervise the area, and negligently permitted a drunken patron to enter petitioner's area and to push her without provocation causing her to fall and be injured.
We must decide whether these allegations state a cause of action under R.C.P. 1.110. The Circuit Court concluded they did not, and dismissed the complaint. The District Court affirmed, stating,
"In the present case there are no allegations that the defendant knew or reasonably should have known of the presence of the offending drunk or of any risk created by him or that the defendant had a reasonable opportunity to control him. Where the defendant was thus without knowledge  actual or constructive  of the risk posed by the intoxicated individual, the defendant cannot be charged with negligence in failing to supervise or otherwise control him. The significance of actual or constructive knowledge of the specific risk  as distinguished from knowledge of a general or potential risk  which eventuates in harm is shown by a review of the Florida cases dealing with a proprietor's duty to protect his patrons from acts of other patrons. In those cases where liability was imposed or recognized, actual or constructive knowledge of the particular risk was present. * * * Conversely, in those cases where liability was not imposed, knowledge of the particular risk was not present. * * * We conclude that the complaint does not state a cause of action based upon the failure of the defendant to protect the plaintiff against the particular individual who caused her harm.
"Under the facts stated in the third amended complaint, the defendant may well have breached his duty to provide general supervision over the patrons in attendance. The complaint, however, does not show by allegations of ultimate fact or fair inferences therefrom that a breach of the duty to generally supervise the patrons proximately caused the damages complained of. It cannot reasonably be inferred from the averments of fact in the complaint that if the defendant had generally supervised its patrons, it could have prevented the plaintiff's injuries. For this reason the complaint does not show that the defendant's alleged negligence in failing to exercise general supervision was the proximate cause of the plaintiff's damages. Such a showing by more than a conclusory allegation is essential to the statement of a cause of action based on negligence. * * *"
The District Court concluded the plaintiff was trying to plead duty of general supervision, breach and proximate causation. We conclude the plaintiff tried, and succeeded, in pleading a duty of protection from drunken patrons, which is a specific class rather than all patrons generally, and pleaded ultimate facts showing breach of duty and proximate causation.
This Court and the District Courts many times have examined the duty owed by a storekeeper or other entrepreneur to members of the public invited onto his premises.
"Where a person or corporation invites a member of the public into his or its place of business, he or it owes such person a duty with respect to his safety which may vary with the circumstances of each case. * * * In any event there *296 is a duty to have the place of business in a reasonably safe condition. And the care required depends upon the circumstances of each case." Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, 437, L.R.A. 1916C, 1208, quoted in Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472, 476 (1940).
See and compare Burdine's v. McConnell, 146 Fla. 512, 1 So.2d 462 (1941); Hall v. Holland, 47 So.2d 889 (Fla. 1950); National Brands v. Norton Tire Co., 150 Fla. 349, 7 So.2d 456 (1942); Walker v. Feltman, 111 So.2d 76 (Fla.App.3d 1959); Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.App.1st 1961).
In Pickett v. City of Jacksonville, 155 Fla. 439, 20 So.2d 484 (1945), this Court upheld a complaint in negligence, grounded on the failure of defendant City to provide a sufficient number of lifeguards at a public swimming facility. We said, quoting from our earlier opinion in Turlington v. Tampa Electric Co., 62 Fla. 398, 56 So. 696, 38 L.R.A.,N.S., 72, Ann.Cas. 1913D, 1213 (Fla. 1911) that
"Where the public is invited to attend a resort, it is the duty of the one who so invites to exercise all proper precaution, skill, and care commensurate with the circumstances to put and maintain the place and every part of it in a reasonably safe condition for the uses to which it may rightly be devoted. A failure to comply with this duty may be negligence; and for an injury proximately caused by the negligence the negligent party may be liable in damages, * * *"
Also see Elmore v. Sones, 140 So.2d 59 (Fla.App.2d 1962), regarding nonliability of a drive-in theater operator.
The complaint alleges, in effect, duty to all patrons to supervise those patrons who used the fronton bar, that this duty was breached, proximately causing her injury. Many courts have examined the duty of care related to operation of a bar, and there is inherent in the opinions of these courts the realization that an intoxicated person may create a disturbance where a sober citizen would not. These courts have readily found arising from such foreseeability a duty on the part of travernkeepers to protect other customers. In Carter v. Parker, 183 So.2d 3 (Fla.App.2d 1966), where a woman patron tripped over a chair leg in the tavern, the Second District Court reversed summary judgment for defendants and held that it was a question of fact whether the defendant bar operator had breached his duty to maintain safe premises. In Sparks v. Ober, 192 So.2d 81 (Fla.App.3d 1966), the Third District Court reversed the trial court's dismissal of plaintiff's amended complaint, and held that it was a factual question whether a tavern keeper should have foreseen that a customer, who left after an altercation, would return and shoot the plaintiff's deceased husband. Also see Reilly v. 180 Club, Inc., 14 N.J. Super. 420, 82 A.2d 210, (1951); Smith v. August A. Busch Co. and Smith v. Ort's Bar and Grill, 329 Mass. 615, 109 N.E.2d 843 (1953); Lipscomb v. Coppage, 44 Ill. App.2d 430, 197 N.E.2d 48 (1963).
In the case sub judice, we conclude it was a factual question whether the defendant could have foreseen that a drunken patron, traveling from bar to another part of the fronton, would push and injure another person; therefore, it was error to dismiss the complaint.
The District Court also based its decision on the theory
"It cannot reasonably be inferred from the averments of fact in the complaint that if the defendant had generally supervised its patrons, it could have prevented the plaintiff's injuries."
Restated, the District Court did not find that proximate cause was alleged. This was error. Although our research discloses no Florida precedent precisely on point, it has been recognized in other jurisdictions that a tavern keeper's failure to control the actions of an intoxicated person *297 who disturbs another person on the premises due to absence of capable attendants or supervisors may establish sufficient causation to raise the issue of liability. See Waldron v. Hammond, 71 Wash.2d 361, 428 P.2d 589 (1967), which affirmed a jury's verdict in plaintiff's favor, where a bar was left in control of a woman unable or unwilling to prevent an assault by one patron on another; Gorby v. Yeomans, 4 Mich. App. 339, 144 N.W.2d 837 (1966), which affirmed a jury verdict on similar facts; and Bartosh v. Banning, 251 Cal. App.2d 378, 59 Cal. Rptr. 382 (1967), in which no bartender, operator or employee was present in the bar at the time of the assault, and error was found in the trial court's refusal to instruct the jury that failure to have a supervisor in the bar was failure to provide ordinary care.
In the case sub judice, we conclude it is a factual question whether the fronton operator's alleged failure to supervise its tavern patrons, one of whom allegedly assaulted another patron as a result of drinking on the premises, could have proximately caused petitioner's injury; therefore, it was error to dismiss the third amended complaint.
The District Court stated in its opinion,
"The complaint * * * does not show by allegations of ultimate fact or fair inferences therefrom that a breach of the duty to generally supervise the patrons proximately caused the damages complained of."
and also stated that
"[A] showing by more than a conclusory allegation is essential to the statement of a cause of action based on negligence."
It appears to be the opinion of the District Court that ultimate facts must be pleaded or fairly inferred, and that this requirement is not met by pleading conclusions.
This statement of the District Court is correct, to the extent the reference to conclusions is to conclusions of law, since an allegation which merely pleads conclusions of law is insufficient. However, allegations of conclusions of fact, being pleadings of ultimate fact, are sufficient, and a complaint alleging such should not be dismissed. The precise meanings of these pleading terms have vexed courts for years. We hereby restate what we consider to be the law of Florida, which is that cases are proved at trial by evidentiary facts, from which conclusions of fact or ultimate facts may be reasoned, and that application of legal principles to these conclusions of fact or ultimate facts as they are more commonly called in Florida R.C.P. 1.110(b) and case law, yields conclusions of law which are dispositive of the issues of the cause. In affirmative pleadings, it is conclusions of fact, or ultimate facts, which must be pleaded, expressly or inferentially. Conclusions of law may be drawn from these pleadings to determine whether a cause of action has been stated. It is not proper to dismiss a complaint on grounds the allegations are only "conclusions of the pleader" unless these are conclusions of law unsupported by expressed or inferred allegations of ultimate facts or conclusions of fact. Better pleading practice is to plead ultimate facts, or conclusions of fact; however, if a pleading includes evidentiary facts from which ultimate facts or conclusions of fact may be fairly inferred, the pleading has stated a cause of action. These statements of law accord with our precedent.
The District Court in its decision relied on three cases, Woodbury v. Tampa Water Works Co., 57 Fla. 243, 249, 49 So. 556 (Fla. 1909); Tampa & J. Ry. Co. v. Crawford, 67 Fla. 77, 64 So. 437 (Fla. 1914); and Romans v. Warm Mineral Springs, Inc., 155 So.2d 183 (Fla.App.2d 1963). The principles of law stated in these three cases are correct, but do not sustain the conclusion of the District Court in view of the issue of tavern keeper's liability in the facts of this case. The District Court's result is in conflict with decisions of the District Court of Appeal, Second District, in Ahrens v. Hayworth, 189 So.2d 163 (Fla. *298 App.2d 1966), which held that when sufficient facts are alleged, questions of negligence and proximately resulting injury should be submitted to the jury, and in Martin v. Highway Equipment Supply Co., 172 So.2d 246 (Fla.App.2d 1965) holding that a claim should not be dismissed for insufficiency unless it is certain the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.
In my opinion, the decision of the District Court should be quashed.
ERVIN, C.J., and DREW, J., concur.