334 So.2d 102 (1976)
Edward GOTTSCHALK and Allstate Insurance Company, a Foreign Corporation, Appellants,
v.
George E. SMITH and Grace Smith, Appellees.
Nos. 75-680, 75-718.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied July 9, 1976.
Talburt, Kubicki & Bradley and Robert Dickman, Jeanne Heyward, Miami, for appellants.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for appellees.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Chief Judge.
The case sub judice arose out of an altercation between the appellee, George E. Smith, and one William H. Miles. On March 13, 1973, Smith drove his automobile into a Standard Oil Company service station operated by the appellant, Edward Gottschalk. As he approached the gasoline pumps, he allegedly struck or brushed against Miles with his automobile. At the time, Miles (a customer at the station) was walking from the pumps toward the mechanical stalls of the station where his automobile was being worked on. Upon being brushed by Smith's car, Miles banged upon the hood of the car and started cursing Smith. This was when the appellant, Gottschalk, first became aware of a problem between his customers. Gottschalk, at the time, was proceeding toward the pump area to service Smith's automobile. Another customer, a Mr. Alexander, interceded and lead Miles away toward his car and attempted to get Miles to control his temper. Miles did, in fact, cool down to a degree and the incident appeared closed. Gottschalk filled Smith's car with gas, made out the charge slip, and gave it to Smith to sign. He told Smith to go ahead and leave the area. As Smith was walking *103 toward his car, Miles yelled some obscenity at him and Smith yelled at Miles to shut up. Upon hearing Smith's remark, Miles came toward him and asked Smith if he wanted to fight. Smith replied that he did and a fight of short duration ensued. Smith being injured in that fight, brought the instant suit against Miles, Gottschalk, Standard Oil Company, Highlands Insurance Company, Allstate Insurance Company, and Market Insurance Company. The suit against Miles was based upon an intentional tort. The suit against Gottschalk sought damages for breach of duty to provide reasonable security and protection of all persons lawfully on the premises. The cause proceeded to trial against Miles, Gottschalk, and Allstate. At the beginning of the trial, Miles admitted liability. At the close of all the evidence, Gottschalk moved for a directed verdict, which was denied. Thereupon, the jury returned a verdict in favor of the appellees against Miles, Gottschalk, and Allstate. Gottschalk's and Allstate's motion for judgment in accordance with their motion for directed verdict and/or a new trial and for remittitur were denied and final judgment was entered in accordance with the jury verdict.
The appellants have raised several points on this appeal, only one of which need be considered in determining this appeal. We find merit in the appellants' allegation that the trial court erred in failing to direct a verdict in favor of the appellants herein. There is nothing in the facts of this case to show that Gottschalk knew or could have known or anticipated the attack by Miles or that Smith would act in a manner so as to provoke that attack. The initial altercation had subsided; Smith's business at the station had been completed, and he had been advised to leave. Had he done so, instead of provoking Miles, it is reasonable to assume that the attack would not have taken place.
The law is clear that in order for the proprietor of a public place to be held liable for a breach of duty to a customer he must have either actual or constructive knowledge of the particular risk involved and/or a reasonable opportunity to protect him from that risk. Wometco Theatres Corporation v. Roth, Fla.App. 1960, 123 So.2d 472; Elmore v. Sones, Fla.App. 1962, 140 So.2d 59; Reynolds v. Deep South Sports, Inc., Fla.App. 1968, 211 So.2d 37; Warner v. Florida Jai Alai, Inc., Fla.App. 1969, 221 So.2d 777.
Therefore, based on the foregoing, the final judgment is reversed insofar as it affects the appellants herein, and the cause is remanded to the trial court with directions to enter a judgment for the appellants.
Reversed and remanded, with directions.