PER CURIAM.
This is an appeal from a judgment obtained by the Appellee, Edward Martin, against the Appellants, Lantis Harrell, d/b/a Ocala Raceway, and Mitch Bozeman, d/b/a Ocala Raceway. Mr. Martin received his judgment for injuries incurred at the Ocala Raceway, which was owned and operated by the Appellants. The issue for our determination is whether or not there was sufficient evidence to support the judgment.
*869 The record reveals that Mr. Martin went to the track in the company of two participants for the races to be conducted that evening. When they arrived at the gate in the late afternoon each of the parties purchased a ■ ticket, which gave all of them admission to the pit area. Mr. Martin was not a member of the pit crew. However, he had towed to the raceway a trailer and the car which was to be used by his fellow passengers in the race that evening. The race track officials were not advised one way or the other of Mr. Martin’s role in the races. The car he towed was raced that evening but, as previously indicated, without any assistance from Mr. Martin. He was a spectator at the races but did have the use of the pit area. At the conclusion of the races the Stickneys (who had come to the races with Martin) were in the process of loading their automobile on the trailer when Mr. Martin was injured. There is some indication that the tires had slipped and spun rapidly on the ramp due to their being wet from the dew on the grass. This in turn caused the ramps to “kick back” and against the Appellee who was walking by the area “to buy a Coke”. The plaintiff denied assisting in the loading of the vehicle and stated he had never been near a car being loaded before, although he had seen them being loaded from a distance.
It was the plaintiff’s theory in the trial that the defendants failed to maintain their premises in a reasonably safe condition and that the plaintiff was injured as a result thereof. In particular, it was alleged that the plaintiff, as a paying spectator, should not have been allowed to be in an area where automobiles were being loaded, and that the defendants should have supplied an area other than grass which was wet with dew for the loading of the vehicles.
It was the defendants’ duty to exercise reasonable care for the safety of its patrons. “When one undertakes to render service by furnishing accommodations of a public nature, the law imposes a duty to use proper care, precaution and diligence in providing and maintaining the accommodations in a reasonably safe condition for the purposes to which they are adapted, and are apparently designed to be used.” Elmore v. Sones, 140 So.2d 59 (Fla. 2nd DCA, 1962). Persons operating public places of amusement are not insurors. Elmore v. Sones, supra; Wometco Theatres Corporation v. Rath, 123 So.2d 472 (Fla.3d DCA, 1960). The danger to its patrons must be reasonably foreseeable. Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla. 2d DCA, 1968).
In Smith’s Bakery, Incorporated v. Jernigan, 134 So.2d 519 (Fla. 1st DCA, 1961) this Court was confronted with a situation where a pebble was thrown into the eye of the plaintiff as a result of the defendant’s vehicle being driven on an area which had recently received new gravel. This Court ruled that the incident was not reasonably foreseeable and reversed a judgment for the plaintiff, stating:
“ * * * there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence, although according to the decisions from some jurisdictions the particular injury or the manner in which the hazard operated need not have been clearly foreseeable;***"
In Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla. 1st DCA, 1974) this Court states:
“(1) The duty of one who operates a place of business is to exercise ordinary or reasonable care to see that those portions of the premises which persons may be expected to use are reasonably safe. This duty would extend to the approaches to the premises also. * * *”
“(2-4) Liability for negligence in failing to maintain premises in a reasonably safe condition, or in failing to warn of existing dangers, must be predicated on the occupant’s superior knowledge or means of obtaining knowledge concerning the danger. * * *”
Schatz v. 7—Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA, 1961) was a case before this Court wherein we held that a person injured while shopping in a store had no cause of action against the owner of that *870 store as a result of being injured by an automobile driving into the store and striking her. The alleged neglect was the failure to erect a barrier. On the other hand, the Fourth District Court in the case of Johnson v. Hatoum, 239 So.2d 22 (Fla. 4th DCA, 1970) reversed a summary judgment for the defendant on similar allegations, the chief distinction being that the plaintiff was standing in an area on the outside of the premises, picking up food at a take-out stand adjacent to the parking area, and was struck by a car. The Third District Court in the case of Thompson v. Ward Enterprises, 341 So.2d 837 (Fla. 3rd DCA, 1977) reversed a directed verdict for the defendant when a person standing in a designated area in front of a super market, waiting for a delivery truck, was struck by an automobile. Each of these cases presents an interesting discussion on foreseeability.
The case of Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA, 1969) involved a claim against the operator of a fronton for damages to a patron as a result of being struck by a drunk. It was written there,
“(1,2) The operator of a place of public entertainment owes his invitees the duty to use due care to maintain his premiseá in á reasonably safe condition commensurate with the activities conducted thereon * * *"
It was further stated:
“(3) * * * Where the defendant was thus without knowledge — actual or constructive — of the risk posed by the intoxicated individual, the defendant cannot be charged with negligence in failing to supervise or otherwise control him. The significance of actual or constructive knowledge of the specific risk — as distinguished from knowledge of a general or potential risk — which eventuates in harm is shown by a review of the Florida cases dealing with a proprietor’s duty to protect his patrons from acts of other patrons. In those cases where liability was imposed or recognized, actual or constructive knowledge of the particular risk was present. Central Theatres, Inc. v. Wilkinson, supra [154 Fla. 589, 18 So.2d 755]; Nance v. Ball, Fla.App.1961, 134 So.2d 35; Sparks v. Ober, supra [Fla.App., 192 So.2d 81]. Conversely, in those cases where liability was not imposed, knowledge of the particular risk was not present. Wometco Theatres Corporation v. Rath, supra; Elmore v. Sones, supra; Reynolds v. Deep South Sports, Inc., Fla.App.1968, 211 So.2d 37. * * *”
These statements must be construed, however, in the light of the language expressed in the Florida Supreme Court case of Pinkerton-Hays Lumber Company v. Pope, 127 So.2d 441 (Fla.S.Ct., 1961) which indicates the foreseeability test should be considered objectively, and not subjectively.
Applying the above principles to this case, we fail to find a legal basis for recovery against the defendants. No activities of the defendants directly caused injury to the plaintiff. There is no evidence that the defendants created the condition in any way. It is patently clear that the damage was caused as a result of a third party’s action, that is, the unfortunate accident which occurred when the Stickneys were loading their vehicle. There is no evidence in this record to substantiate a finding that the defendants knew or had reason to believe that this accident was the type that one would expect to occur and should take precautions against. There was no evidence that the defendants possessed any superior knowledge of the danger over the plaintiff to the extent that there was a duty to warn him of potential injury from his own comrades.
The proximate cause of the plaintiff’s injury was by no act of the defendants and, therefore, the plaintiff cannot recover. Foley v. Hialeah Race Course, 53 So.2d 771 (Fla.S.Ct., 1951).
Appellants urge other errors, but since the foregoing disposes of the entire action, they need not be discussed.
The judgment is, therefore, reversed.
RAWLS, Acting C. J., McCORD, J., and McDONALD, PARKER LEE, Associate Judge, concur.