400 So.2d 523 (1981)
Josephine HILGENHURST, Appellant,
v.
KNIGHT-RIDDER NEWSPAPER, INC. and Travelers Indemnity Company of America, Appellees.
No. 80-1036.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Rehearing Denied July 24, 1981.
Horton, Perse & Ginsberg and Edward A. Perse, Murray P. Yanks, Miami, for appellant.
Adams & Ward and Robert C. Ward, Miami, for appellees.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
BASKIN, Judge.
In accordance with our finding that appellees exercised reasonable care and that no breach of duty, Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), was established by appellees' failure to maintain crowd control at a theater with unreserved seating, we affirm the Final Judgment for Defendants entered by the trial court when it granted motions for directed verdict and vacated the verdict returned by the jury. The evidence discloses no actual or constructive knowledge, which might have arisen from prior conduct, of risk to the theater patron who was knocked down and injured at Gusman Hall as she walked to her seat to watch a silent movie.
The operator of a place of public entertainment owes his invitees the duty to use due care to maintain his premises in a reasonably safe condition commensurate with the activities conducted thereon. Central Theatres, Inc. v. Wilkinson, 1944, *524 154 Fla. 589, 18 So.2d 755; Wells v. Palm Beach Kennel Club, 1948, 160 Fla. 502, 35 So.2d 720. This includes a duty to exercise reasonable care to supervise the patrons for the purpose of preventing injuries the risk of which was known to the operator or by the exercise of reasonable care should have been known to him. Central Theatres, Inc., v. Wilkinson, supra, and Sparks v. Ober, Fla.App. 1968, 192 So.2d 81. The duty to supervise does not, however, require the operator to furnish each patron with an usher or to guard against the risk created by a specific patron, unless the operator has actual or constructive knowledge of the need for specific supervision and a reasonable opportunity to exercise it. Elmore v. Sones, Fla.App. 1962, 140 So.2d 59; Wometco Theatres Corporation v. Rath, Fla. App. 1960, 123 So.2d 472. Otherwise, the operator would be in the position of an insuror [sic] of the safety of his patrons.
Warner v. Florida Jai Alai, Inc., supra at 778.
The court correctly set aside the verdict and entered judgment, Panoz v. Gulf and Bay Corp. of Sarasota, 208 So.2d 297 (Fla. 2d DCA), cert. denied, 218 So.2d 166 (Fla. 1968).
Affirmed.