NESBITT, Judge.
Mrs. Guzman was injured when knocked down by another skater at Kendall Skating Center. She sued the skating center alleging that its failure to adequately supervise the skating area proximately caused her injuries. After answer and very limited discovery, the defendant moved for summary judgment, which was granted. We reverse.
In its motion for summary judgment, the defendant claimed there was no evidence tending to show that it knew or should have known of the presence of the offending skater or of the danger created by that skater. The response to the motion was accompanied by identical affidavits which stated, inter alia:
That Affiant observed several unruly and wild persons, including the individual who ultimately pushed the Plaintiff down, who were allowed to skate without any supervision. Said individuals were observed twenty to thirty minutes before the incident occurred shouting and yelling.
Whether the defendant had actual or constructive knowledge of any danger created by the disorderly skaters was a material issue in this case. See Hilgenhurst v. Knight-Ridder Newspaper, Inc., 400 So.2d 523 (Fla. 3d DCA), pet. for review denied, 411 So.2d 382 (Fla.1981); Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969); Nance v. Ball, 134 So.2d 35 (Fla. 2d DCA 1961). A reasonable inference from the affiants’ testimony is that the rink personnel, called “skate guards,” also knew or should have known of the disruptive skaters and in sufficient time to have prevented them from causing any harm. The defendant presented no proof to overcome this inference and thus was not entitled to a summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed.