497 So.2d 719 (1986)
EAST BAY RACEWAY and K & K Insurance Agency, Appellants/Cross-Appellees,
v.
George E. PARHAM, Appellee/Cross-Appellant.
No. 85-2267.
District Court of Appeal of Florida, Second District.
November 12, 1986.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant/cross-appellee East Bay Raceway.
*720 Donald L. McLawhorn and Michael L. Kinney, Tampa, for appellee/cross-appellant.
HALL, Judge.
The owner of a stock car raceway appeals a final judgment which awarded damages to a patron who was injured by an airborne vehicle while he was standing in an area adjacent to the raceway waiting to cross the race track and enter the central oval pit area. We reverse on the merits of appellant's arguments concerning proof of negligence and, therefore, deem it unnecessary to address appellant's arguments regarding a release agreement signed by the patron prior to entering the area.
At trial appellee presented testimony that during a race on appellant's premises, a car collided with another car, hit the guard rail, and suddenly "pole vaulted" over the wall and gate, striking and injuring appellee. Evidence was presented as to the soundness of the bottom portion of the gate which was reinforced by two steel I beams and a concrete retaining wall. Appellee drew attention to the fact that the locking bar on the gate was roughly the size of a broomstick.
It is indeed the duty of a race track operator to exercise reasonable care for the safety of its patrons. Harrel v. Martin, 345 So.2d 868 (Fla. 1st DCA 1977). In order to establish a breach of that duty, appellee had the burden of proving that appellant had knowledge of a condition which caused the accident, that a reasonable race track owner would have exercised greater caution, and that there was a causal connection between the incident causing injury and a negligent act by appellant. Food Fair Stores v. Spinelli, 122 So.2d 41 (Fla.2d DCA 1960). Negligence cannot be assumed by proving merely that an accident occurred. Abrams v. Nolan Brown Cadillac, 228 So.2d 131 (Fla.3d DCA 1969), cert. denied, 237 So.2d 536 (Fla. 1970).
Appellee's case insufficiently addressed exactly how appellant's actions deviated from a reasonable standard of care, specifically, how the allegedly faulty construction of the wall could have caused injuries or how any type of gate could have prevented an airborne vehicle from injuring appellee.
In light of evidence presented and the requisite elements of negligence, it is clear that the jury verdict lacked a sufficient basis in law, and since there was not sufficient evidence for the case to go to the jury, the trial court erred in not granting the motion for a directed verdict. The judgment is therefore reversed and remanded with directions to set aside the jury verdict and enter judgment for appellant.
LEHAN, A.C.J., and SANDERLIN, J., concur.