363 So.2d 65 (1978)
Lillie G. HOWARD and Landley V. Howard, Her Husband, Appellants,
v.
Kingston C. NEWMAN, Appellee.
No. JJ-317.
District Court of Appeal of Florida, First District.
October 13, 1978.
Elliott Zisser, of Zisser, Robison & Spohrer, Jacksonville, for appellants.
Stephen E. Day, of Matthews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
*66 PER CURIAM.
In this case of first impression we are asked to determine whether the phrase "medically or scientifically demonstrable" in Section 627.737(2)(e), Florida Statutes, requires objective signs of an injury or allows subjective statements of pain as proof of injury.
The Second District Court of Appeal in Johnson v. Phillips, 345 So.2d 1116 (Fla. 2d DCA 1977), determined that the term "permanent injury" in Section 627.737(2), Florida Statutes, includes "permanent subjective complaints of pain from an initial organic injury." That holding is not dispositive of the issue here because of the wording of the statute. Section 627.737(2)(e), Florida Statutes, provides for recovery by the plaintiff for:
"A serious, nonpermanent injury which has a material degree of bearing on the injured person's ability to resume his normal activity and lifestyle during all or substantially all of the 90 day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period."
In that subparagraph, the Legislature has chosen to insert the qualifying phrase "the effects of which are medically or scientifically demonstrable." We do not believe that that phrase is intended to be without meaning or effect. Thus, we interpret the phrase "medically or scientifically demonstrable" to require the plaintiff to show objective signs of injury.
In light of this interpretation, we affirm the action of the trial court dismissing the complaint without prejudice for failure to meet the threshold requirements of Section 627.737(2).
SMITH, Acting C.J., ERVIN, J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.