375 So.2d 901 (1979)
Charles SNOWDEN, Appellant,
v.
James E. SPROUSE, James Richard Sawyer and Government Employees Insurance Company, Appellees.
No. NN-308.
District Court of Appeal of Florida, First District.
October 17, 1979.
*902 James A. Hightower of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
John F. Windham of Beggs & Lane, Pensacola, for appellees.
PER CURIAM.
Mr. Snowden appeals the lower court's ruling that he did not meet the threshold requirements of Section 627.737(2)(e), Florida Statutes (1977), regarding the effects and severity of his non-permanent injury. The trial court found that the effects of Mr. Snowden's injuries were not medically or scientifically demonstrable at the end of the statutory period. Mr. Snowden argues that the medical testimony indicating pain on the straight leg raising test is sufficient to meet the threshold requirements. We agree and reverse.
Mr. Snowden was injured in an automobile accident on May 14, 1977, and suffered a low back strain. The initial straight leg raising test indicated pain at 70 degrees bilaterally with normal being in the range of 80 to 90 degrees. He initially exhibited other symptoms such as muscle spasms and tenderness in the low back area.
Mr. Snowden gradually improved and most of his symptoms abated. However, on August 9, 1977, 86 days after the accident, Mr. Snowden still had pain at 75 degrees bilaterally on the straight leg raising test. On September 13, 1977, this pain was completely gone.
Prior to the accident, Mr. Snowden had been enrolled in a CETA Autobody Repair Class. The treating physician testified that Mr. Snowden's injuries would be compatible with decreased ability to perform the required class activities for a period of 90 days or more. The doctor had restricted Mr. Snowden's activities regarding lifting in excess of 25 pounds, crawling, and stooping, all of which activities would have been necessary to adequately perform his class work. These restrictions were still in effect five months after the accident.
Section 627.737(3), Florida Statutes (1977), requires a plaintiff to "submit some evidence" to show that he has suffered:
* * * * * *
A serious, nonpermanent injury which has a material degree of bearing on the injured person's ability to resume his normal *903 activity and lifestyle during all or substantially all of the 90-day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period.
Section 627.737(2)(e), Florida Statutes (1977).
In Howard v. Newman, 363 So.2d 65 (Fla. 1st DCA 1978), this court interpreted "medically or scientifically demonstrable" to require that the plaintiff show objective signs of injury. We find that Mr. Snowden has satisfied this standard.
Although the findings of the straight leg raising test are based on the patient's subjective statement of when he feels pain, it is a standard medical test used to determine the presence or absence of certain back problems. As the doctor testified, pain at a certain level would indicate one particular type of problem; pain at a different level would indicate a different type of problem. Mr. Snowden initially had a low back strain and the point at which the straight leg raising test elicited pain was consistent with this diagnosis. If Mr. Snowden has been malingering or faking, it is unlikely that he would know at which point the test would induce pain indicative of the injury he complained of.
Section 627.737, Florida Statutes (1977), is a statutory limitation on an injured party's common law right of action in tort. As such, it must be strictly construed to conform the statute, as nearly as possible to the common law, Utilities Service, Inc. v. Replogle, 110 So.2d 438 (Fla. 1st DCA 1959), and so as not to displace the common law any further than is clearly necessary, Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950).
We find and so hold that Mr. Snowden presented some evidence showing that his normal activities were impaired for a 90-day period and that this evidence was sufficiently objective to satisfy the statute and the interpretation placed on it by Howard, supra.
REVERSED.
MILLS, C.J., and McCORD and ERVIN, JJ., concur.