404 So.2d 1077 (1981)
WALT DISNEY WORLD CO. and Insurance Company of North America, Appellants,
v.
Jacqueline MERRITT and Bill Merritt, Her Husband, Appellees.
No. 80-1064.
District Court of Appeal of Florida, Fifth District.
August 26, 1981.
Rehearing Denied September 29, 1981.
John L. O'Donnell, Jr., and John W. Ward, of DeWolf, Ward, Morris, Wohlust, Jontz & O'Donnell, P.A., Orlando, for appellants.
James O. Cunningham, of Billings, Durie & Morgan, Orlando, for appellees.
*1078 DAUKSCH, Chief Judge.
This is an appeal from a plaintiff's judgment in a personal injury action.
Although we agree with the appellant that there was little evidence to support the giving of the instruction to the jury regarding the State Fire Marshal's Rules and Regulations, we do find enough such evidence to determine it was not reversible error to give the charge. The charge reads as follows:
Now, Ladies and Gentlemen, the following is a portion of the Rules and Regulations of the Florida Administrative Code as adopted by the State Fire Marshal and filed in the Office of the Secretary of State of the State of Florida which provides, among other things, as follows:
A place of assembly shall mean a room or space used for assembly or educational occupancy for 100 or more occupants or which has a floor area of 1500 square feet or more used for such purposes. Such room or space shall include any similar occupied connecting room or space in the same story, or in a story or stories above or below where entrance is common to the rooms or spaces.
In a place of assembly: In each room where chairs, or tables and chairs, are used, the arrangement shall be such as will provide for ready access by aisles to each exist doorway. Aisles leading directly to exit doorways shall have not less than 36 inches clear width which shall not be obstructed by chairs, tables or other objects.
Violation of this cited rule and cited regulation is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a regulation, you may consider that fact, together with other facts and circumstances, in determining whether such person was negligent.
A jury could have found that the premises were not in a reasonably safe condition and that the aisles were blocked. The testimony of both the injured plaintiff and her husband was to the effect that the chairs in the restaurant were in such a jumbled disarray that there was no way she and her family could leave the area where they had been seated without pushing the chairs out of the way or climbing over them. Since she was leading the way she elected to clear a pathway by moving chairs out of her way. While so doing her legs became tangled in the chair she was moving at the moment and she fell. This is not a situation where one isolated chair is left in an aisle, but where a mass of chairs are pushed away from tables in a haphazard way and are completely blocking the egress of customers at other tables. The jury had a right to conclude that the premises were not maintained in a reasonably safe condition because a restaurant patron should have a right to leave the premises without running an obstacle course. What degree of negligence can be attributed to the property owner and to the patron, respectively, is also a jury question, and no issue of apportionment of negligence is raised here.
We find the exclusion of the tendered photographic evidence to not be harmful error since the photograph did not depict the area when the injury occurred.
We agree appellant that plaintiffs' attorney's remarks regarding his wife being an employee of Walt Disney World were wrong as were his remarks about the doctor and the insurance company. The trial judge adequately instructed the jury about these improprieties, thus no reversible error has been shown. As has been often said, it is up to the trier of the fact to determine the weight of the evidence; we only determine the legal sufficiency. It was legally sufficient so we cannot reverse the judgment as appellants would have us do.
AFFIRMED.
ORFINGER, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
In my view, the trial court erred in instructing the jury in regard to violation of *1079 an administrative rule of the State Fire Marshal. There are two reasons for this conclusion. First, the injury herein was not caused by a fire. Second, even if it had been, it did not occur in an aisle described by the instruction.
The plaintiffs' instruction, to which there was timely objection, was:
Now, Ladies and Gentlemen, the following is a portion of the Rules and Regulations of the Florida Administrative Code as adopted by the State Fire Marshal and filed in the Office of the Secretary of State of the State of Florida which provides, among other things, as follows:
A place of assembly shall mean a room or space used for assembly or educational occupancy for 100 or more occupants or which has a floor area of 1500 square feet or more used for such purposes. Such room or space shall include any similar occupied connecting room or space in the same story, or in a story or stories above or below where entrance is common to the rooms or spaces.
In a place of assembly: In each room where chairs, or tables and chairs, are used, the arrangement shall be such as will provide for ready access by aisles to each exit doorway. Aisles leading directly to exit doorways shall have not less than 36 inches clear width which shall not be obstructed by chairs, tables or other objects.
Violation of this cited rule and cited regulation is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a regulation, you may consider that fact, together with other facts and circumstances, in determining whether such person was negligent.
The above instruction is based upon Rules 4A-27.01(2) and 4A-27.06 of the Rules of the State Fire Marshal. These rules were certified to be in effect on the date Mrs. Merritt fell while pushing a chair in a Disney restaurant. At the jury instruction conference, Disney[1] objected to the giving of the charge on various grounds, one of which was that the fire code was inapplicable to the case.
On appeal, Disney's first issue is whether the trial court erred by instructing the jury that violation of the Fire Marshal's rule was evidence of negligence. The judicial act, the propriety of which has been brought before this court to review, was the giving of the instruction. On appeal, Disney argues the rule is inapplicable because Mrs. Merritt did not prove she fell in an "aisle," to which the rule (Rule 4A-27.06) is directed. While this may be a valid argument, another, perhaps stronger, argument is that the rule is inapplicable because her injuries were not of a type the rule sought to prevent.[2]
A preliminary question, then, is whether this court can utilize an argument (as distinguished from the issue or judicial act that was properly raised and brought before this court) not presented on appeal. Disney properly raised in this court the judicial act to be reviewed, i.e., the inclusion of the instruction. It specified, briefed, and argued the propriety of including the instruction. Additionally, the issue Disney has raised before this court was presented to the trial court, i.e., that the rule was inapplicable. The trial court therefore had an opportunity to rule and in fact did rule on the issue now presented to this court: whether the rule was inapplicable. This is not a situation where the appellant did not object and raise the issue in the trial court, only to raise the issue for the first time on appeal. Clearly Disney could not do that. St. Johns River Shipbuilding Co. v. Wells, 156 Fla. 67, 22 So.2d 632 (1945); Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973); Fla.R.Civ.P. 1.470(b). Nor is this a situation where the *1080 appellant waives or abandons the issue he raised in the trial court by not presenting it to this court. In this case, Disney has properly preserved the issue, but has failed to argue the strongest reason why the issue should be decided in its favor. Although it runs the risk, by such an omission in its brief, that the validity of the argument will not be discerned by an appellate court, the appellant is not foreclosed, ipso facto, from the benefit of that argument. Cf., Redditt v. State, 84 So.2d 317 (Fla. 1955).
Accordingly, we should first consider whether or not the instruction from the Fire Marshal's Rule was properly applied to this factual context  i.e., a situation wherein the injured plaintiff fell while pushing a Disney restaurant chair out of her path in the absence of any fire or smoke.
The head of the Department of Insurance has been made State Fire Marshal pursuant to Chapter 633 of the Florida Statutes, entitled "Fire Prevention and Control." As part of his statutory grant of authority, the Fire Marshal has been given the power to make "all rules and regulations necessary to effectuate the enforcement of his powers and duties." § 633.05, Florida Statutes (1975). This includes the means and adequacy of exits from all buildings in the event of fire. Id.
The fire rules that form the basis for the jury instruction at issue in this appeal were promulgated pursuant to section 633.05. It is clear that the Fire Marshal's grant of authority only extends to fire-related rules and regulations. Cf., Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla.3d DCA 1976), cert. denied, 348 So.2d 946 (Fla. 1977). The Fire Marshal has no power to enact rules that are not related to fire safety. Rule 4A-27.06, the basis for the jury instruction herein, is designed to provide ready access by aisles to each exit doorway in the event of fire. The rule seeks to accomplish this result by requiring "places of assembly," as defined in Rule 4A-27.01, to maintain their premises so that "aisles leading directly to exit doorways shall not have less than 36 inches clear width which shall not be obstructed by chairs, tables or other objects." Rule 4A-27.06. This rule was designed to facilitate the exit of excited masses in the event of fire, and not to ensure that restaurant operators will push chairs back under their respective seats so that customers will not have to push them out of their way upon finishing a meal.
For a statute or administrative rule to create a standard of conduct, the violation of which is either negligence per se or evidence of negligence, the injured person must (1) be a member of the class of persons the statute or rule was designed to protect, and must (2) suffer the type of injury the provision sought to prevent. W. Prosser, Law of Torts § 36 (4th Ed. 1971). The Florida Supreme Court has held that to violate a statute which establishes a duty to protect a particular class of persons from a particular type of injury is negligence per se. deJesus v. Seaboard Coast Line R.R. Co., 281 So.2d 198 (Fla. 1973). Violation of the administrative rule at issue would be negligence per se: it seeks to prevent occupants of "places of assembly" (the class of persons protected) from being trapped, trampled and burned or injured from fire or smoke (the type of injury the rule sees to prevent). But violation of such statute is not necessarily "actionable negligence." deJesus at 201. In order to establish actionable negligence by the defendant, the plaintiff must show (1) that he is of the class the statute was intended to protect; (2) that he suffered injury of the type the statute was designed to prevent; and (3) that the violation of the statute was the proximate cause of his injury. Id. at 201.
In the instant case, there was no "actionable negligence." While Mrs. Merritt was of the class sought to be protected (an occupant/user of a "place of assembly"), her injury, torn cartilages in her knee, was not the type the Fire Marshal's Rule sought to prevent. See Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980), and Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978). It was therefore error for the trial court to instruct the jury regarding violation of the rule.
*1081 The error in this case was harmful. When the instruction was read, the jury only heard "a violation of State Fire Marshal Code is ... negligence," and Disney was irreparably prejudiced. Moreover, the jury had been primed for prejudice by counsel for plaintiffs in his closing argument, wherein the jury was beseeched to "pay particular attention" to the instruction dealing with the Fire Marshal's Code.
The final judgment should also be reversed on the point Disney did urge on appeal: that the 36-inch width requirement applies only to aisles leading directly to an exit; the "aisle" in which Mrs. Merritt fell was not such an aisle. Rule 4A-27.06, the applicable rule, reads:
In each room where chairs, or tables and chairs, are used, the arrangement shall be such as will provide for ready access by aisles to each exit doorway. Aisles leading directly to exit doorways shall have not less than 36 inches clear width which shall not be obstructed by chairs, tables, or other objects. [Emphasis added].
Under the rule, there is a dichotomy of "aisles." The first type lead directly to exit doorways. The second type are all aisles that do not lead directly to exit doorways. The requirement that there be no less than 36 inches clear width in aisles applies only to aisles leading directly to exit doorways. According to Mrs. Merritt's own testimony, there was an aisle that led directly to an exit doorway. After entering the restaurant via this exit-entrance aisle, she turned left and sat down where there was an area of five or six tables. She was no longer on the aisle that led directly to the exit. The table area was to the side; it was in the table area where she fell. Since the incident occurred away from the aisle that led directly to the exit way, the Fire Code Regulation would not apply, even if Mrs. Merritt had satisfied all three deJesus requirements.
Because there was prejudicial error, the final judgment should be reversed. The question we must then address, and a difficult one, is whether or not there was sufficient evidence of negligence below, absent any code violation, to warrant denial of defendants' motion for directed verdict and submission of this case to a jury. Such evidence would have to relate to the accumulation of chairs in the walkway in which plaintiff fell, length of time the condition had existed, adequacy of inspection, and those factors enumerated in premises liability cases.
A property owner has two duties to invitees: (1) to use reasonable care to maintain the premises in a reasonably safe condition, and (2) to warn of hidden dangers. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). There was no evidence that Disney violated either duty, and a verdict for it should have been directed.
There is absolutely no dispute about what happened in this case  Mrs. Merritt tripped over a chair that she saw, had in her hands, and was moving. She had complete control over the chair at the time of the fall. While it is true that employees of Disney were to replace chairs left out by guests, the controlling question is not whether or not they did that in this case, but whether or not they had a legal duty to do so. That duty depends upon whether a chair constitutes an unreasonable hazard to a person walking near it.
Of course, it is always possible to trip over a chair. Every piece of furniture in homes, offices, and restaurants, in this sense, is a tripping hazard for guests. The standard for liability, however, is whether it is an unreasonable hazard. In the absence of unusual circumstances (such as poor lighting, a defective chair or a defective floor), the presence of a chair in a place where it can be expected is not a failure to maintain the premises in a reasonably safe condition. There is no question but that the chair in this case was in a place where it could be expected, for, as argued by appellants, it is common knowledge that people eating in a restaurant push their chairs backward and leave them so when they exit. Clearly, there is no duty on the part of the operator of a public place to exercise individual supervision of a business invitee so as to insure his safety. Warner v. Florida *1082 Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. dismissed, 235 So.2d 294 (1970).
While there may have been evidence that the standard operating procedure was not followed, there was no evidence that the premises were not in a reasonably safe condition. For that reason, it was error to deny Disney's motion for a directed verdict. Accordingly, I would reverse the judgment and remand for entry of judgment for the defendants.
NOTES
[1] Disney and its insurer were co-defendants below and are co-appellants before this court. In the interest of simplicity, they will be referred to jointly as "Disney."
[2] Addressing inapplicability at trial, Disney argued in part that since she was not injured in a fire, Mrs. Merritt was not a member of the class of persons the rule sought to protect.