424 So.2d 886 (1982)
Nathaniel WHITE, Sr., Appellant,
v.
Massina ARVANITIS and Allstate Insurance Company, Appellees.
No. AK-245.
District Court of Appeal of Florida, First District.
December 20, 1982.
Rehearing Denied January 25, 1983.
*887 Aaron A. Green, P.A., Gainesville, for appellant.
Wayne C. McCall of Ayers, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellees.
SHAW, Judge.
This is an appeal from a directed verdict rendered against the plaintiff/appellant in a personal injury action predicated upon the court's finding that the appellant failed to meet the threshold requirements of section 627.737(2)(e), Florida Statutes (1977). We disagree with the trial court's application of the statute and reverse.
Under section 627.737(2)(e) a plaintiff may recover damages in tort if he shows:
A serious, nonpermanent injury which has a material degree of bearing on the injured person's ability to resume his normal activity and lifestyle during all or substantially all of the 90-day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period.
Appellant suffered moderately severe cervical and mild lumbrosacral strains as a result of a June 8, 1978, automobile accident. Range of motion tests administered by his treating physician, Dr. Fuessner, shortly before and after the ninety-day statutory period indicated a normal range of motion but continued pain on rotation of the head to the left. The doctor testified that this continued pain was consistent with his diagnosis of cervical strain. Dr. Fuessner testified that in his opinion the appellant had a continuing medical problem resulting from his injury and was not malingering. When queried as to whether the appellant's injuries would affect his ability to perform his duties as a mail carrier and his lifestyle generally for at least ninety days following the injury, the doctor replied:

*888 Yes, I believe that the injury that he had was significant enough to interfere with his usual activities and in his particular occupation it could very easily interfere with his work and the length of time involved, 90 days, is frequently encountered as a period of time when people have difficulty from this type of neck injury. So it's not unusual for someone to go that long with symptoms from this type of neck injury.
Record on Appeal at 130-131. The trial court nonetheless found that the appellant produced insufficient evidence of medically or scientifically demonstrable signs of injury at the end of the statutory ninety-day period.
This Court has interpreted "medically or scientifically demonstrable" to require a showing of objective signs of injury rather than subjective statements of pain. Howard v. Newman, 363 So.2d 65 (Fla. 1st DCA 1978). We found the Howard test satisfied when the straight leg raising test, a standard medical procedure, was used to substantiate the patient's subjective complaint of pain. Snowden v. Sprouse, 375 So.2d 901 (Fla. 1st DCA 1979). The point at which Mr. Snowden's test indicated pain was consistent with the physician's diagnosis of low back strain.
Dr. Fuessner based his diagnosis in the present case on more than the appellant's subjective complaints of pain. The doctor administered a range of motion test and found that pain on rotating appellant's neck to the left was consistent with the injury appellant sustained and could very easily have interfered with his lifestyle and work for the ninety-day statutory period. We have here more than the unsubstantiated testimony of the plaintiff/appellant that he had residual pain at a certain time. In addition to the appellant's statement, we have the medical testimony of a doctor that, in his opinion, based upon a medically approved test, the appellant's complaint of pain was consistent with and likely to occur with the type of injury he sustained.
Upon reviewing the order granting a directed verdict, we must consider the evidence in the light most favorable to the party moved against and indulge every reasonable inference on that party's behalf. Bradley v. Peaden, 347 So.2d 455 (Fla. 1st DCA 1977). A verdict should not be directed for the defendant at the close of the plaintiff's evidence unless it is clear that there is no evidence whatever that could in law support a verdict for the plaintiff. If there is room for a difference of opinion between reasonable persons as to the inferences that might be drawn from conceded facts, the matter should be submitted to a jury. Budgen v. Brady, 103 So.2d 672, 674 (Fla. 1st DCA 1958). Applying these standards to the present case, a jury could find that appellant's injury was medically demonstrable at the end of the ninety-day period. Consistent with our belief that a jury question was presented on the question of whether the appellant satisfied the threshold requirement of the statute, we reverse and remand for further proceedings.
REVERSED and REMANDED.
LARRY G. SMITH and JOANOS, JJ., concur.