BASKIN, Judge.
Appellants seek review of a final judgment entered in favor of appellees following a jury verdict finding that as a result of Graham’s negligence, appellees Kebel and Marquez were injured during an automobile collision. Upon review of the record, we find no support for the conclusion that Graham was negligent. Consequently, we reverse with directions to enter judgment for appellants.
Graham was driving on Interstate 95 at 5:00 p.m. when his tire blew out. He stopped in the left lane and allegedly turned on his hazard lights. Although Marquez stopped his automobile behind Graham’s automobile, within the next thirty to sixty seconds Kebel’s automobile struck Marquez’s ear in the rear. Kebel did not realize the two cars had stopped until she was within thirty feet of them and did not see Graham’s car at all. Following trial, the jury returned a verdict assessing Graham’s negligence at seventy-five percent and Kebel’s negligence at twenty-five percent. The jury concluded that although neither Marquez nor Kebel had sustained a *653 permanent injury,* each had suffered a nonpermanent injury. Kebel’s damages were assessed at $21,500 and Marquez’s damages at $2,600.
Our review of the record reveals no evidence of negligence in Graham’s conduct. When the tire blowout occurred, Graham pulled to the left side of the road. Appellees’ contention that he should have steered his disabled vehicle across several lanes of rush-hour traffic in order to exit from the right-hand lane fails to persuade us that stopping on the left constituted negligence. Section 316.194(1), (2), Florida Statutes (1977) prohibits the parking of a vehicle on the “paved part of the highway when it is practicable to stop, park, or so leave the vehicle off such part of the highway” unless “highway conditions render such parking off the paved portion of the highway hazardous or impractical.” Section 316.071, Florida Statutes (1977), included in the charge to the jury, requires that the driver of a disabled vehicle which obstructs the regular flow of traffic move the vehicle “so as not to obstruct the regular flow of traffic or, if he cannot move the vehicle alone, solicit help and move the vehicle so as not to obstruct the regular flow of traffic.” Clearly, driving a disabled car across the highway would have violated this section.
Although our decision makes it unnecessary for us to determine whether appellees met the statutory threshold requirements of section 627.737, Florida Statutes (1977), we find no record evidence that appellees sustained a “serious, nonpermanent injury which has a material degree of bearing on the ... ability to resume ... normal activity and lifestyle during all or substantially all of the 90-day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period.” See Snowden v. Sprouse, 375 So.2d 901 (Fla. 1st DCA 1979).
For these reasons, we reverse the final judgment and remand with instructions to enter judgment in favor of appellants.

 Section 627.'737(2)(e), Florida Statutes (1977) permitted recovery for:
A serious, nonpermanent injury which has a material degree of bearing on the injured person’s ability to resume his normal activity and lifestyle during all or substantially all of the 90-day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period.
Chapter 78-374, Laws of Florida, substantially altered this portion of the statute.