JOANOS, Judge.
Clifford Hale was injured in an accident which occurred on June 25, 1978, involving the bicycle he was riding and an automobile driven by appellant. Appellee, Hale’s insurer, paid him some $60,000 under various coverages. Then appellee, as Hale’s subro-gee, sued appellant. This is an appeal from the judgment in favor of appellee which resulted from the bench trial held in this case.
No transcript of the bench trial exists, however an approved stipulated statement of the evidence was submitted pursuant to Fla.R.App.P. 9.200(b)(3). Liability is conceded for purposes of this appeal. Clifford Hale was not present at the trial. Mrs. Hale testified that Clifford’s present mental condition is not good. She said that he cannot recall the accident, and he becomes violent when the accident is discussed. He was in good mental condition before the accident. He had a stroke in June, 1980, but before that he was getting better from the accident. Since the stroke, he has had speech therapy and takes medication for temper tantrums. A field investigator for appellee said the claim was paid because in his opinion, Hale’s injuries were serious enough to warrant it.
The trial court denied a defense motion for directed verdict which was based on *235 lack of medical testimony, records, or other medical evidence of an injury within the threshold requirements of the 1977 no-fault statute, Section 627.737(2)(a-f). During the defense presentation, a deputy with the Alachua County sheriffs department said he was called to investigate a burglary of the Hale’s house on March 26, 1982. He said Mr. Hale had been able to give him information for the report and his mental condition was satisfactory, although he appeared to have a health problem and his wife had to help him with some information.
Appellant contends that appellee, as sub-rogee, suffers all the limitations its insured would have had if he had sued appellant directly, and that there was no evidence that the insured had met any of the six no-fault threshold requirements of Section 627.737(2). Appellee contends that by failing to answer certain requests for admissions, appellant admitted the amount of damage suffered by Hale as a result of the accident. Also, appellee argues that the issue regarding the threshold requirements was not raised in the pleadings, and that in any event, appellee introduced evidence that the nature and extent of Hale’s injuries met the threshold requirements. Specifically, appellee says Mrs. Hale’s testimony that her husband suffered a memory loss established a permanent loss of a bodily function under Section 627.737(2)(b), or it showed a serious non-permanent injury under Section 627.737(2)(e).[1]
The threshold issue was sufficiently raised in the pleadings. Appellee’s complaint alleged permanent injuries, to which appellant answered she had insufficient knowledge to admit or deny.
Section 627.737(2)(b) requires proof of a permanent loss of a bodily function. While it is questionable whether loss of memory constitutes loss of a bodily function under the statute, even assuming it does, there is no evidence to show the loss is permanent. Mrs. Hale simply testified that Hale suffers from the memory loss at the present time.
Section 627.737(2)(e) requires proof of “a serious nonpermanent injury which has a material degree of bearing on the injured person’s ability to resume his normal activity and lifestyle during all or substantially all of the 90-day period after the occurrence of the injury, and the effects of which are medically and scientifically demonstrable at the end of such period.” (e.s.) Mrs. Hale testified that Hale no longer rides his bicycle or attends the community college, has lost his memory, and has temper tantrums. This evidence does not meet the requirements of Section 627.-737(2)(e). The phrase “medically and scientifically demonstrable” has been interpreted to require objective signs of injury. Howard v. Newman, 363 So.2d 65 (Fla. 1st DCA 1978) (subjective complaints of pain not sufficient). Examples of objective signs of injury include the results of a straight leg raising test, a standard medical test used to determine the presence of back problems, in Snowden v. Sprouse, 375 So.2d 901 (Fla. 1st DCA 1980), or a range of motion test performed by a doctor, which is more than the plaintiff’s unsubstantiated testimony of pain, White v. Ar *236 vanitis, 424 So.2d 886 (Fla. 1st DCA 1982). In the present case there is no evidence to fulfill the requirement that the effects of the alleged serious non-permanent injury are medically and scientifically demonstrable at the end of the ninety day period.
Appellant also argues that certain admissions by appellant obviated the need to offer further proof as to damages. By failing to respond to the request for admissions, appellant admitted only that the checks attached to the request, drawn by State Farm and paid to specified medical facilities or doctors and to Hale, his wife, and his attorney were genuine, that those cheeks represented payment by State Farm for medical expenses incurred by Hale in his accident with Hutchinson, and that one of the checks was for $50,000 paid to Hale, his wife, and his attorney, by State Farm for their damages by reason of Hale’s accident with Hutchinson. Whether these payments for medical expenses were reasonable and necessary, and whether the payment of $50,000 in damages accurately reflect the amount of damages to be assessed against appellant have not been proven. Further, the admissions contain no information about permanent loss of a bodily function or a serious nonpermanent injury the effects of which are medically or scientifically demonstrable.
Appellee failed to show that the statutory threshold requirements were met in this case, therefore the judgment against appellant is REVERSED, and the proceedings are REMANDED to the circuit court for a new trial.
LARRY G. SMITH, J., concurs.
NIMMONS, J., specially concurs with opinion.

. In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.741, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Loss of a body member.

(b) Permanent loss of a bodily function.

(c) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(d) Significant permanent scarring or disfigurement.

(e) A serious, nonpermanent injury which has a material degree of bearing on the injured person’s ability to resume his normal activity and lifestyle during all or substantially all of the 90-day period after the occurrence of the injury, and the effects of which are medically or scientifically demonstrable at the end of such period.

(f) Death.