DOWNEY, Judge.
The appellate questions presented in this case are whether appellee, Mary Powers, sustained injuries that exceed the threshold presented in Section 627.737(2)(e), Florida Statutes (1977), and whether the verdict and judgment entered in her favor are excessive.
Appellee was involved in an automobile accident, which caused both her and her young son to be thrown forward into the windshield and dashboard, resulting in physical injuries. The extent of appellee’s injuries is the critical question. To paraphrase, the pertinent statute[1] provided that a plaintiff may recover damages for pain, suffering, mental anguish, and inconvenience due to injury arising out of the use of *362 a motor vehicle only if, among other things, the injury consists, in whole or in part, of a serious, nonpermanent injury. The injury must have a material degree of bearing on the victim’s ability to resume her normal activity and lifestyle during substantially all of the ninety day period after the injury, and the effects of the injury must be medically and scientifically demonstrable at the end of such period.
The case was presented to a jury, which returned a verdict finding neither permanent injury nor permanent loss of bodily function. The jury did find a serious non-permanent injury, which had a material bearing on appellee’s ability to resume her normal activity or lifestyle during all, or substantially all, of the ninety day period following the accident and that the effects of the injury were medically and scientifically demonstrable at the end of such period. The verdict awarded appellee $50,000 for her damages. The trial court ordered a remittitur of $15,000 or a new trial. Appel-lee accepted the remittitur. Appellant has appealed seeking reversal of the award and appellee has cross-appealed the order directing a remittitur.
The thrust of the main appeal is that the evidence adduced by appellee was insufficient to surpass the threshold requirements for recovery of damages in automobile tort cases. Appellants contend that, at best, appellee did not prove that her injuries materially affected her normal activity or lifestyle during substantially all of the statutory ninety day period, and that the effects of such injury were medically or scientifically demonstrable at the end of the period.
The evidence reflects that appellee was taken from the scene of the accident to a hospital where she was examined, discharged, and cautioned to seek additional medical attention if she had further trouble. She experienced pain and discomfort thereafter and remained at home for the next week. Sixteen days after the accident, ap-pellee was seen by Dr. Robbins, an osteopathic physician who maintains a general family practice in her hometown of Boca Raton. Robbins diagnosed appellee’s condition as an “acute whiplash injury to the neck and right shoulder with muscular and ligamentous involvement.” Initially, he anticipated this condition would run its course in approximately three months. However, at a later examination, after administration of numerous therapy treatments and medications, he concluded that the injury was permanent and ultimately opined that ap-pellee had a 20% permanent disability.
Appellee testified to pain and soreness, headaches, and discomfort during the ninety days following the accident, continuing through the trial, some three and one-half years post accident. Robbins testified that he frequently found muscle spasm during his examinations of appellee. His conference and examination notes, which apparently were no model of medical record keeping, did not reflect a finding of muscle spasm, as a result of which defense counsel naturally subjected the doctor to a searching cross examination. In the end the doctor steadfastly maintained that he clearly remembered the patient had frequent signs of muscle spasm. This particular phase of the evidence, together with the other testimony describing the effect upon appellee’s activity and lifestyle, was sufficient to hurdle the threshold and enable the jury to make an award of damages for pain, suffering, mental anguish, and inconvenience, if they found support therefor in the evidence. In Snowden v. Sprouse, 375 So.2d 901 (Fla. 1st DCA 1978), and Howard v. Newman, 363 So.2d 65 (Fla. 1st DCA 1978), the First District Court of Appeal interpreted “medically and scientifically demonstrable” as requiring that there be some objective sign of injury. Muscle spasms meet this criterion.
Lastly, appellant contends that the award of $35,000 is excessive and under the circumstances of this case we agree. Recognizing as we do the limitations on our authority in reviewing the adequacy or inadequacy of a jury verdict or judgment of the lower court, we are constrained to reverse this award as being grossly excessive for the damages sustained.
*363 The case was presented to the jury for them to determine, among other things, whether appellee had sustained permanent injury, since under the statute that would be determinative of the various categories of damages available to appellee. Thus, appellee in closing argument sought damages for permanent injuries, future pain and suffering, future medical expenses, loss of capacity for enjoyment of life for her life expectancy, and past pain and suffering from the date of her accident to the date of trial. For the latter item, which is appel-lee’s major element of damage, appellee suggested that the jury should award $1290. Since the jury found no permanent injury and there was no claim for loss of earning capacity, lost wages, or unpaid medical expenses, the award of $50,000 was clearly excessive, as is the remittitur figure of $35,-000.
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial on damages only. The liability for which appellee is entitled to recover is that found by the jury, i.e., a serious non-permanent injury, which had a material bearing on appellee’s ability to resume her normal activity and lifestyle during all or substantially all of the ninety day period following the accident, the effects of which were medically and scientifically demonstrable at the end of such period.
REVERSED AND REMANDED, with directions.
BERANEK and HERSEY, JJ., concur.

. § 627.737(2), Florida Statutes (1977).