439 So.2d 991 (1983)
Ruby TAYLOR, Appellant,
v.
TOLBERT ENTERPRISES, INC., and Aetna Insurance Company, Appellees.
No. AS-105.
District Court of Appeal of Florida, First District.
October 26, 1983.
*992 Jeffrey W. Watson of Mark Evan Frederick, P.A., Destin, for appellant.
Charles L. Cetti of Cetti, McGraw, Bearman & Eddins, Pensacola, for appellees.
ZEHMER, Judge.
On this appeal, plaintiff Taylor complains that the trial court erred in granting summary final judgment for the defendants, Tolbert Enterprises, Inc., and its insurer, Aetna Insurance Company. We agree and reverse.
In a simple one-count complaint, plaintiff alleged that while she was a guest in Tolbert's motel she slipped, fell, and suffered injuries as a result of Tolbert's negligence in permitting water and sand to accumulate and create a slippery condition on the wooden steps and walkway across the dunes to the beach in front of Tolbert's motel. A shower used by guests returning from the beach was located adjacent to the place where plaintiff fell, and water and sand draining from the shower created a condition described in plaintiff's testimony as slippery. The evidence suggested that the condition had existed for some time before plaintiff fell, and plaintiff had observed it while using the walkway during several days before this incident. In her deposition testimony, plaintiff described how she approached the area, observed the water, proceeded to step up, and slipped, and then testified:
Q. Did you see water and sand on the step that you fell on?
A. Yes.
Q. Was that before or after the fall?
A. When I started to step up, I glanced down and noticed that it was wet, and I was careful in stepping up.
Q. But you saw that it was wet and had sand on it before you stepped on the step, did you not?
A. Yes.
Q. Would you agree with me that the presence of water and sand was not an unusual thing on that walkway and you had walked it before?
A. I agree with your statement.
The court below granted defendant's motion for summary judgment, finding that:
1. The evidence and depositions on file failed to indicate any negligence on behalf of the defendant, and any dangerous condition of the ramp and walkway allegedly within the knowledge of the defendant was also known to the plaintiff.
2. The accident occurred in broad daylight and it is obvious that the ramp and the step leading thereto were at all times subject to conditions occasioned by the presence of sand and water. The condition of the ramp was open and obvious and was certainly to be expected on a wooden ramp leading from a beachfront motel to the waterfront.
There was evidence before the court that the condition causing the accumulation of water and sand described by the plaintiff had existed for sufficient time to afford adequate notice to the defendant and that such condition rendered the steps slippery. Whether, under these circumstances, the defendant had breached its legal obligation to maintain the premises in a reasonably safe condition was a disputed question of fact to be decided by the jury. That plaintiff testified she had observed the condition and "was careful in stepping up" does not negate defendant's potential liability for negligently permitting a dangerous condition to exist; it simply raises the issue of comparative negligence. Even though the alleged negligent condition was found by the trial court to be open and obvious, it was error for the trial court to enter summary judgment for the defendant. Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980). See also Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979); Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980); Metropolitan Dade County v. Yelvington, *993 392 So.2d 911 (Fla. 3d DCA 1980); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
REVERSED and REMANDED.
SHIVERS, J., concurs.
MILLS, J., dissents, with opinion.
MILLS, Judge, dissenting:
I dissent. I would affirm.
I would adopt the trial court's opinion as stated in its Final Summary Judgment and quoted in part in the majority opinion.
The evidence presented to the trial court which is quoted in the majority opinion clearly shows there is no genuine issue as to any material fact.
Summary judgment was properly granted in this classic case for the rendering of a summary judgment. Certainly, an individual visiting the beach who is fully aware of a collection of sand and water on a walkway, was aware of it for several days, and was aware of it at the time she deliberately stepped in it, does not raise a factual issue for jury consideration.