478 So.2d 440 (1985)
Katherine E. EMMONS, Appellant,
v.
BAPTIST HOSPITAL and Servicemaster Industries, Inc., Appellees.
No. BC-286.
District Court of Appeal of Florida, First District.
November 8, 1985.
Rehearing Denied December 6, 1985.
*441 Louis K. Rosenbloum and Stephen H. Echsner of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
J. Nixon Daniel, III, of Beggs & Lane, Pensacola, for appellee Baptist Hosp.
Danny L. Kepner of Shell, Fleming, Davis & Menge, Pensacola, for appellee Servicemaster Industries, Inc.
NIMMONS, Judge.
Katherine Emmons, plaintiff below, appeals from a final judgment entered upon a motion for directed verdict in favor of defendants/appellees, Baptist Hospital and Servicemaster Industries, Inc. Emmons claimed that the defendants' negligence caused her to sustain injuries when she slipped and fell at Baptist Hospital in Pensacola. During the trial, the court reserved ruling on the defendants' motions for directed verdict until the conclusion of the case. The jury returned a verdict finding the defendants 65% negligent and the plaintiff 35% negligent. Subsequently, the trial court granted the defendants' motions for directed verdict. We affirm the judgment entered in favor of the defendants.[1]
The plaintiff's complaint alleged, in part: that the plaintiff was an invitee at the Hospital on May 6, 1980; that the defendants negligently maintained the floor and carpet in the area where plaintiff was visiting her mother, a patient; that such negligence created a dangerous condition of moisture on the floor causing the plaintiff to slip and fall; and that the dangerous condition either was created by the defendants or had existed a sufficient length of time that the defendants should have known of the condition. The defendants denied that they were negligent and alleged that the plaintiff failed to exercise reasonable care for her own safety which, they say, was the sole or contributing cause of her injuries.
The essential facts are relatively simple and straightforward.[2] Plaintiff went to the hospital to visit her mother at 9:00 A.M. on the day of the incident. There was a trail of blood on the carpet from the bed to the bathroom door. An employee came into the room and left a piece of cleaning equipment. He later returned and proceeded to clean the carpet. While the employee was cleaning the carpet, the plaintiff remained in the room between the bed and night stand while her sister, who had arrived before the cleaning started, sat in a chair. Approximately one-half of the room was shampooed. The plaintiff described the portion of the carpet which had been cleaned as "wet enough to feel it through your shoes."
A nurse came into the room to assist the plaintiff in raising a window. The nurse commented on the wetness of the floor and said that there was a mat outside the door.
Shortly thereafter, the plaintiff summoned a nurse on the intercom system because her mother appeared to be in distress. When a nurse did not come, the plaintiff left the room to go to the nurses' station because her mother was making *442 unusual sounds. As she left the room, she stepped onto the uncarpeted, tiled hallway floor. When she did, she slipped and fell down. She said that she did not see the mat, which had been placed outside the door to the room, until after she had fallen down.
We recognize the well-settled principle that the authority of a trial court to direct a verdict must be exercised with caution and that a verdict should not be directed for a defendant unless it is clear that there is no evidence whatever that could in law support a verdict for the plaintiff. White v. Arvanitis, 424 So.2d 886, 888 (Fla. 1st DCA 1982); Budgen v. Brady, 103 So.2d 672, 674 (Fla. 1st DCA 1958). Nevertheless, a defendant is entitled to a directed verdict when it is clearly apparent that no evidence has been submitted on which the jury could lawfully find a verdict for the plaintiff. Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979). Stated another way, a directed verdict for the defendant is justified where, when the evidence favoring the plaintiff is admitted to be true and conceding every fair inference therefrom, the evidence does not afford a sufficient basis for a verdict for the plaintiff. Memorial Park, Inc. v. Spinelli, 342 So.2d 829, 832 (Fla. 2nd DCA 1977), cert. denied 354 So.2d 986 (Fla. 1978).
The plaintiff in the case at bar occupied the status of a business invitee while visiting her mother at the Hospital. In Florida, a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967, 970 (Fla. 1977); Cassel v. Price, 396 So.2d 258, 264 (Fla. 1st DCA 1981).
Looking at the second theory first, it is clear that there was no concealed peril requiring the giving of a warning to the plaintiff. Notwithstanding the existence of danger in the plaintiff's walking on the tiled hallway floor without first wiping the moisture from her shoes on the mat outside the door, the plaintiff's knowledge of such hazard was equal to that of the defendants. A prerequisite to the imposition upon the landowner of a duty to warn is that the defendant's knowledge of the danger must be superior to that of the business invitee. Vermont Mutual Insurance Company v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978); Ball v. Ates, 369 So.2d 1023 (Fla. 1st DCA 1979); Hunt v. Slippery Dip of Jacksonville, Inc., 453 So.2d 139 (Fla. 1st DCA 1984).
We next turn to the first theory enumerated above regarding landowner duty to business invitees. The plaintiff asserts that the evidence was sufficient to entitle her to submission to the jury of the question of whether the defendants used reasonable care in maintaining the premises in a reasonably safe condition. Of course, it is fundamental that the mere occurrence of an accident does not give rise to an inference of negligence and that the plaintiff must show that the condition complained of was an unreasonable hazard. Cassel v. Price, supra at 264; Robinson v. Allstate Insurance Company, 367 So.2d 708 (Fla. 3d DCA 1979). Further, the duty which the law imposes on the landowner is one requiring the exercise of ordinary care. Hylazewski v. Wet 'N Wild, Inc., 432 So.2d 1371, 1372 (Fla. 5th DCA 1983); Cassel v. Price, supra, at 265; 38 Fla. Jur 2nd, Negligence, § 20. There is no duty on the part of a landowner to exercise such control over the business invitee or the premises so as to be an insurer of his safety. Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. dismissed, 235 So.2d 294 (Fla. 1970); Harvey v. Bryant, 238 So.2d 462 (Fla. 1st DCA 1970); Partelow v. Edgar, 219 So.2d 72 (Fla. 4th DCA 1969).
The cleaning of a floor at a hospital is a frequent and expected occurrence. Indeed, it is fair to say that such is especially expected in a hospital as compared with *443 other premises, and it is certainly reasonable to assume that a hospital will, for the benefit of all concerned (including patients and visitors), expeditiously clean up blood from the carpet in a patient's room. We do not believe that it can be fairly concluded that the defendants failed to use ordinary care in going about the task of cleaning the carpet in the subject room. The room's occupants were informed of the wet condition of a portion of the carpet and a mat was placed near the door to remove moisture from the shoes of any occupant who might traverse the wet part of the carpet. Likewise, the evidence is such that it cannot be said that the conditions in and about the hospital room constituted an unreasonable risk to the plaintiff. See Cassel v. Price, supra, at 264.
In Restatement of Torts 2d, Section 343A, the following is noted:
A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
Compare Hylazewski v. Wet 'N Wild, Inc., supra at 1373. Under the circumstances of the instant case, the defendants should not be expected to have anticipated the harm which befell the plaintiff.
The plaintiff points to testimony elicited from Mr. Cason, Servicemaster's managing coordinator at Baptist Hospital, to the effect that there was a process by which some of the moisture from the carpet could have been removed by use of a heavy machine with a "dry pad," and that such equipment was available to the defendants. For us to require the use of such equipment under the facts of this case would, we believe, be imposing a duty of more than ordinary care upon the defendants.
"Perfection of conduct is humanly impossible, and the law does not exact an unreasonable amount of care from anyone. The degree of care required is ordinary and reasonable care."
38 Fla Jur 2nd, Negligence, § 20. See also Cassel v. Price, supra, at 265 (quoting the above statement from Florida Jurisprudence).
Plaintiff relies, in part, on Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983). There, this court stated:
"Even though the alleged negligent condition was found by the trial court to be open and obvious, it was error for the trial court to enter summary judgment for the defendant."
Id. at 992. The theory of liability advanced by the plaintiff in Taylor obviously fell under category No. 1 (enumerated earlier in this opinion). However, in Taylor, the situation was materially different from the instant case in that the defendant had allowed the water and sand to accumulate on a walkway for at least several days with no effort to remedy the resulting hazardous slippery condition. Similarly distinguishable are Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980) and Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
The plaintiff also points to our sister court's holding in Walt Disney World Co. v. Merritt, 404 So.2d 1077 (Fla. 5th DCA 1981). That case is also distinguishable in that the plaintiff in Merritt had the benefit of Disney World's violation of a fire code rule which was deemed to be evidence of negligence.[3]
In view of our affirmance of the directed verdict in favor of the defendants, we need not treat the issues raised by the defendants on their cross-appeal.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Servicemaster had an agreement with Baptist Hospital whereby the former agreed to clean and maintain the Hospital's floors. At trial, the parties stipulated that Servicemaster would stand in the same position as the owner/hospital, vis-a-vis the plaintiff, and that its (Servicemaster's) liability, if any, would be determined as if it were an owner. Further, Baptist Hospital has, at least impliedly, conceded that it was legally responsible in this case for the acts of Servicemaster's personnel. We, therefore, in our narrative of the facts, will not attempt to distinguish between Baptist and Servicemaster employees.
[2] Of necessity, we view the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the non-moving party. Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985); Burmeister v. American Motorists Insurance Co., 403 So.2d 541 (Fla. 4th DCA 1981).
[3] Judge Cobb dissented in Merritt on the grounds that the fire code rule, in his view, was not applicable and, therefore, was inadmissable. Judge Cobb's opinion makes a persuasive argument that, in the absence of the evidence of negligence furnished by a violation of such rule, there was insufficient evidence to support the plaintiff's negligence claim.