NESBITT, Judge
(dissenting):
I respectfully dissent. The determination concerning whether a landlord breached the duty it owed to an invitee to maintain its premises in a reasonably safe condition is one usually left to the jury. Lynch v. Brown, 489 So.2d 65 (Fla. 1st DCA 1986); Taylor v. Tolbert Enters., 439 So.2d 991 (Fla. 1st DCA 1983). The question of whether the landlord met that duty encompasses the question of whether the condition was in fact dangerous. I do not agree that the present record conclusively establishes that the placement of the chairs did not amount to a dangerous condition. See Lockamy v. Byrne, 474 So.2d 372, 374 (Fla. 1st DCA 1985) (Ervin J., dissenting). Furthermore, even if it is assumed that the danger, if any, was obvious to the claimant, a factual issue remained as to whether the defendant had superior knowledge of its existence. Taylor, 439 So.2d at 991; see Rice v. Florida Power & Light Co., 363 So.2d 834, 840 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979). The obviousness of the condition simply raises an issue concerning the plaintiffs’ comparative negligence. See Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), review denied, 389 So.2d 1113 (Fla.1980). I would, therefore, reverse the trial court’s order granting the landlord’s motion for summary judgment.