ERVIN, Judge.
Appellant, Delores Blankenship, appeals a summary judgment entered against her personal injury claim for damages in a slip-and-fall ease. Although we affirm the trial court’s holding that the evidence conclusively demonstrates that appellees, Dale Dean Roths and John Dean, Blankenship’s landlords, had no duty to warn Blankenship of the dangers of the oily parking lot, because their knowledge of this condition was not superior to hers, see Emmons v. Baptist Hosp., 478 So.2d 440, 442 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (Fla.1986), we reverse the trial court’s holding that there is no evidence raising an inference that the landlords breached any other duty to Blankenship.
Landlords have a duty to use ordinary care in keeping the premises in a reasonably safe condition. Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986). Whether appellees should have anticipated an oily, wet parking lot the afternoon after a rainy morning and whether this condition presented an unreasonable risk to their tenant, or whether monthly inspections and sanding oily spots upon actual notice of them constituted reasonable care are all questions of fact for the jury. Blankenship’s knowledge of the danger goes to the issue of comparative negligence. Taylor v. Tolbert Enters., Inc., 439 So.2d 991, 992 (Fla. 1st DCA 1983); Lynch 489 So.2d at 67; Northwest Fla. Crippled Children’s Ass’n v. Harigel, 479 So.2d 831, 833 (Fla. 1st DCA 1985).
REVERSED and REMANDED for further proceedings.
MICKLE and DAVIS, JJ„ concur.