WOLF, Judge.
Brian Coleman appeals an order granting summary judgment in favor of Mini-Mac Maintenance Service, Inc. (Mini-Mac), on the issue of Mini-Mac’s negligence relating to an injury suffered by Mr. Coleman. Mini-Mac cross appeals, alleging that the trial court erred in denying summary judgment on the basis of workers’ compensation immunity under the “borrowed servant” doctrine. We affirm the denial of summary judgment on the basis of workers’ compensation immunity under the borrowed servant doctrine, but we reverse the trial court’s order of summary judgment against the plaintiff, Coleman.
Brian Coleman was employed as a stock clerk at the Food World grocery store in Panama City, Florida. Barbara MeDougal was the sole proprietor of an unincorporated business known as Mini-Mac Maintenance Service (Mini-Mac). Mini-Mae performed floor cleaning services for Food World and used the equipment and cleaning supplies of Food World when doing so. Mini-Mac’s employees were only hired for scheduled floor cleanup and were not under contract to clean up occasional spills. They would, however, sometimes clean up spills that occurred while they were doing routine floor maintenance if specifically asked to do so. Mini-Mae’s employees were performing routine cleaning services at the 23rd Street Food World store on the day Mr. Coleman was injured.
On November 16, 1988, Mr. Coleman was working as a stock clerk when he heard what sounded like a bottle breaking. He later saw a broken bottle of salad dressing with a pool of spilled salad oil around it. The spilled salad dressing covered an area about one foot in diameter. Mr. Coleman saw one of the other store clerks and told him that someone needed to clean up the spilled oil. The other clerk went to the back of the store to locate a mop, but was apparently unable to find one.
When Mr. Coleman went to get some additional merchandise to shelve, he saw what appeared to be an employee of Mini-Mac mopping up the spilled salad oil.. The person cleaning had a mop, but not a bucket, and Mr. Coleman saw him mopping in an eight to ten foot area. Mr. Coleman assumed that the person he saw mopping was an employee of Mini-Mae because he had seen the person working with Mini-Mac crews on prior occasions.[1]
Mr. Coleman testified that shortly after he saw the person mopping (about a minute later), he slipped and fell as he was carrying a box of drinks. After he fell, Mr. Coleman touched the floor with his hands and discovered that it was wet and oily. He also smelled salad oil on his hands. The area where Mr. Coleman fell was within eight to ten feet from where he saw the spilled oil.
Mr. Coleman filed a complaint against Mini-Mae on November 14, 1994, alleging that his injuries were caused by Mini-Mac’s negligence in failing to properly clean the salad dressing from the floor and in failing to warn him of the floor’s slippery condition.
Mini-Mac filed a motion for summary judgment, which was heard on August 28, 1996. Mini-Mae argued that it owed no duty to Mr. Coleman because he was aware of the *395 spilled salad dressing:. Mini-Mac also contended that the person who mopped the spill would have been a borrowed servant of Food World at the time the mopper cleaned the spill, and that person would thus be entitled to workers’ compensation immunity as a fellow employee. As the mopper’s employer, Mini-Mac argued that it would likewise have workers’ compensation immunity.
On November 4, 1996, the trial court entered an order granting Mini-Mac’s motion for summary judgment based on a finding that Mr. Coleman was aware of the spill and aware that it had been mopped up only a short time before he fell; therefore, there is no showing that the person who mopped the floor had a duty to warn Mr. Coleman of a danger which was known to him. The trial court also concluded that there was no evidence that the mopper did not exercise reasonable care in cleaning up the floor. The court granted summary judgment based on Emmons v. Baptist Hosp., 478 So.2d 440 (Fla. 1st DCA 1985), rev. denied, 488 So.2d 67 (Fla.1986).[2]
Emmons is distinguishable on a number of bases. In Emmons, a case involving a fall in a hospital in an area where the floor had been cleaned, there was no evidence that anything remained on the floor other than water after the cleaning was completed, it is undisputed that the plaintiff’s knowledge of water on the floor was equal to the knowledge of the defendant, and there was no evidence that the cleanup was done improperly or that there was another reasonable method of accomplishing the cleanup. In the instant case, unlike Emmons, there is a factual dispute as to whether the plaintiff knew that the mopping had failed to remove the salad oil from the floor or that the mopping had caused the salad oil to spread over a larger area. Therefore, a jury could find the knowledge of the person mopping the floor to be superior to the plaintiff’s knowledge thereby creating a duty to warn. The jury also could reasonably infer that appropriate cleaning would have removed the oily substance from the floor.
The court also found that if the person who mopped the spill was an employee of Mini-Mac, that person was not a borrowed servant of Food World at the time of the incident. Mini-Mae asserts on cross appeal that the person who mopped the spill was Food World’s borrowed servant for the performance of that task since the task was customarily performed by Food World Stock-ers, and Food World supplied the mop which was used. Florida courts consider three factors when determining whether a worker was a borrowed servant: (1) whether a contract of hire, either .express or implied, existed between the employee and the special employer; (2) whether the work done was essentially that of the special employer; and (3) whether the special employer has the right to control the details of the work. See Maxson v. Air Prods. & Chems., Inc., 554 So.2d 1212, 1213 (Fla. 1st DCA 1990) (citing Shelby Mut. Ins. Co. v. Aetna Ins. Co., 246 So.2d 98 (Fla.1971)). There are factual issues as to each of these factors in the instant case.
First, there appears to be no express or implied contract for Mini-Mac’s employee to clean up incidental spills. Mini-Mac confirmed that none of its employees had the responsibility to clean up such spills, and they were not paid to do so. Moreover, there is no evidence that Food World management was even aware that Mini-Mac’s employee was going to clean up the particular spill at issue here. Therefore, the issue could not be resolved in favor of Mini-Mac as a matter of law.
As to the second factor, while the work being done by the person1 who mopped the spill may arguably have been essentially the job of Food World, that is a factual issue best determined by a jury.
As for the third factor, since Mini-Mac’s employees only cleaned up incidental spills occasionally as a courtesy to Food World, the question of whether Food World had a right *396 to control the details of the work would at least involve a factual issue.
An analysis of this case under Maxson supports the trial court’s ruling on the question of whether the Mini-Mac employee was a borrowed servant.
For the reasons expressed above, the order granting summary judgment against the plaintiff is reversed, and the case is remanded to the trial court for the determination of Mini-Mac’s alleged negligence by a jury. The trial court was correct in denying summary judgment based on Mini-Mac’s assertion that it enjoyed workers’ compensation immunity due to the “borrowed servant” doctrine; as to that issue, we affirm.
BOOTH, J., and CARITHERS, HUGH A., Jr., Associate Judge, concur.

. Barbara MeDougal, the sole proprietor of Mini-Mac, testified that the description Mr. Coleman gave of the mopper does not match that of any Mini-Mac employee. This was not the reason for the trial court ruling granting summary judgment. We also feel that there was sufficient evidence as to the point to raise a factual dispute to be resolved at trial.

. While it may be argued that McDóugal or Mini-Mac had no duty to clean up the spill, there is no argument that once Mini-Mac undertook to clean up the spill, it was required to exercise reasonable care in performing a gratuitous task. See Union Park Mem’l Chapel v. Hutt, 670 So.2d 64, 66-67 (Fla.1996); Kerfoot v. Waychoff, 501 So.2d 588, 590 (Fla.1987).